Commonwealth ex rel. Clinger, Appellant, *v.* Russell.

Submitted June 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*Albert L. Clinger,* appellant, in propria persona.

*Theodore A. Parker,* Assistant District Attorney, and *Wilson Bucher,* District Attorney, for appellee.

OPINION BY HOFFMAN, J., September 16, 1965:

Appellant, Albert L. Clinger, without the assistance of counsel, pleaded guilty to a charge of larceny on November 22, 1963. He was sentenced to a term of not less than one and one-half nor more than three years in the Eastern State Penitentiary. Appellant then filed a petition for writ of habeas corpus. Pursuant to that petition, a rule to show cause was granted for argument, after which the court rendered an opinion discharging the rule. From the discharge of that rule appellant has taken this appeal.

The record shows that before appellant was sentenced by the court, he signed the following prepared statement:

"I, the defendant within named, after being advised of my Constitutional right to be represented by counsel, do voluntarily waive the right to counsel, and do

certify that I have not requested counsel and that counsel has not been refused me, and do waive the finding of a True Bill by the Grand Jury and do hereby enter my plea of guilty to the within charge. I further certify that I understand the nature of the charge and the maximum penalty which may be imposed."

The extent of the court's inquiry into the circumstances under which the above plea was tendered consisted of the following:

"The Court: Mr. Clinger, you have entered your plea of guilty to the charge of larceny and without the benefit of counsel. Before the court imposes sentence on your plea you are advised by this court that you have the constitutional right to be represented by counsel. Is it still your desire that the court impose sentence without the benefit of counsel?

"Defendant: Yes, sir."

The sole question to be decided is whether appellant effectively waived his constitutional right to counsel. We have recently held that a signed statement alone cannot establish that a defendant has effectively waived this right. *Commonwealth ex rel. Ross v. Botula,* 206 Pa. Superior Ct. 1, 4, 211 A. 2d 42, 44 (1965). One must bear in mind that an accused will often sign such a prepared statement at a time when he is subject to the conflicting pressures inherent in all accusatory proceedings. In the absence of sufficient oral inquiry, such a signed statement will not adequately demonstrate that the accused comprehended and assented to the contents of the writing. The court must examine the accused's awareness of the nature of the crime, the range of allowable punishments thereunder, and all other facts essential to a broad understanding of the whole matter. Only at the completion of such a comprehensive inquiry, can the court be confident that the defendant intelligently waived his right to counsel. *Commonwealth ex rel. McCray v. Rundle,* 415 Pa. 65, 69-70, 202 A. 2d 303, 305 (1964).

The lower court, in discharging the rule, considers larceny a simple offense which requires no explanation beyond that set forth above. In so deciding, the court ignores the serious ramifications of this offense. It fails to consider that this criminal prosecution involves procedures and techniques with which only legal counsel will be familiar. It is incumbent upon the court to fully advise the accused. The routine inquiry made in this case, as well as the signed statement, leave a judge utterly unaware of the facts essential to an informed decision that an accused has executed a valid waiver of his right to counsel. Cf. *Commonwealth ex rel. Ross v. Botula,* supra; *Commonwealth ex rel. Goodfellow v. Rundle,* 415 Pa. 528, 204 A. 2d 446 (1964).

It will be necessary for the lower court to ascertain fully the circumstances under which appellant waived his right to counsel.

The order of the Court of Common Pleas of Lancaster County is vacated and the record is remanded to that court with directions to hold a full hearing on the petition.

ERVIN, P. J., would affirm the order of the court below because the appellant, in writing, waived the appointment of counsel and when asked in open court, affirmed such waiver.

WRIGHT and WATKINS, JJ., would affirm upon the opinion of the court below.