**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARRELL BRAY, | |
| Appellant | No. 119 WDA 2014 |

Appeal from the PCRA Order Entered December 18, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015503-2008

BEFORE:  BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:  **FILED DECEMBER 22, 2014**

Appellant, Darrell Bray, appeals from the December 18, 2013 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we are compelled to vacate the PCRA court's order and remand for a new trial.

The PCRA court set forth the procedural history of this case as follows:

On March 11, 2011, Appellant … waived his right to a jury trial and his right to counsel.  After a nonjury trial on the same day, Appellant was convicted of Aggravated Assault with a Deadly Weapon, Person Not to Possess a Firearm, Carrying a Firearm Without a License, Terroristic Threats, Recklessly Endangering Another Person, Simple Assault, Disorderly Conduct and Criminal Mischief.  Appellant elected to waive his right to a Pre-Sentence Report and this Court sentenced Appellant to [51] to [100] months['] incarceration on the Aggravated Assault count and [60] to [120] months['] consecutive on the Person Not

---

[*] Retired Senior Judge assigned to the Superior Court.

to Possess count with no further penalty imposed on the remaining counts.

Appellant did not file a Post-Sentence Motion. On April 28, 2011, Appellant, now represented by the Office of the Public Defender, filed a Notice of Appeal. On June 29, 2012, the Superior Court of Pennsylvania affirmed on the only issue raised on appeal: that the evidence was insufficient to support a guilty verdict on the Aggravated Assault count. [**Commonwealth v. Bray**, 53 A.3d 944 (Pa. Super. 2012) (unpublished memorandum).] The Supreme Court of Pennsylvania denied the Petition for Allowance of Appeal on February 6, 2013. [**Commonwealth v. Bray**, 63 A.3d 1242 (Pa. 2013).]

On May 23, 2013, Appellant filed, *pro se*, a … []PCRA[] Petition. On December 16, 2013, this Court held an evidentiary hearing on the Petition and on December 18, 2013[, it] denied the Petition. Appellant filed a Notice of Appeal on January 15, 2014 and a Concise Statement of Errors Complained of on Appeal on February 7, 2014.

PCRA Court Opinion (PCO), 4/21/14, at 2-3.

On appeal, Appellant presents one question for our review:

1. Did the [PCRA] Court err in denying [Appellant's] Petition for Post-Conviction Relief when it found the appellate attorney to be effective, despite the attorney's failure to raise a meritorious claim regarding the defectiveness of the waiver of counsel colloquy, when the Trial Court did not conduct a probing on the record colloquy before [Appellant] elected to waive his right to counsel?

Appellant's Brief at 3.

To begin, we note that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa. 1997) (citing **Commonwealth v. Travaglia**, 661 A.2d 352,

356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

***Commonwealth v. Johnson***, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

Appellant avers that his appellate counsel acted ineffectively by not challenging the validity of the colloquy regarding Appellant's waiver of his right to counsel. Appellant maintains that the waiver was inadequate because it did not satisfy the requirements set forth in Pennsylvania Rule of Criminal Procedure 121. That rule states, in relevant part:

**(A) Generally.**

(1) The defendant may waive the right to be represented by counsel.

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or

issuing authority, at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

(3) The judge or issuing authority may permit the attorney for the Commonwealth or defendant's attorney to conduct the examination of the defendant pursuant to paragraph (A)(2). The judge or issuing authority shall be present during this examination.

Pa.R.Crim.P. 121(a).

In addition, our Supreme Court has directed that it is "the trial judge who [is] ultimately responsible for ensuring that the defendant is questioned about the six areas discussed above and for determining whether the

defendant was indeed making an informed and independent decision to waive counsel." ***Commonwealth v. Davido***, 868 A.2d 431, 437 (Pa. 2005) (citation and quotation marks omitted). Accordingly, it is the trial judge who has "the duty to ensure that a defendant's right to counsel was protected." ***Id.*** Once a defendant expresses a desire to represent himself, the failure "to conduct a thorough, on-the-record colloquy before allowing a defendant to proceed to trial *pro se* constitutes reversible error." ***Commonwealth v. Clyburn***, 42 A.3d 296, 300-301 (Pa. Super. 2012); ***see also Commonwealth v. Patterson***, 931 A.2d 710 (Pa. Super. 2007).

In the instant case, Appellant argues that the trial court's oral colloquy regarding his waiver of his right to counsel was inadequate because, while the court stated the various offenses with which Appellant was charged, and related the potential maximum sentences he faced for each crime, the court did not detail the elements of each offense. Moreover, the written colloquy, filled out by Appellant's counsel and signed by Appellant, also did not list the specific charges Appellant faced, or the elements of those offenses. ***See*** "Waiver of Counsel" Form, 3/11/11, at 1 (unpaginated). While Appellant acknowledges that at the PCRA hearing, his trial counsel stated that she reviewed the elements of each charge with Appellant, he claims that counsel's off-the-record discussion was inadequate to satisfy Rule 121(a)(3)'s requirement that the trial court "shall be present during th[e] examination." Appellant argues that the omission of an on-the-record

- 5 -

statement of the elements of the charges pending against him invalidated his waiver of the right to counsel.

Appellant then avers that appellate counsel was ineffective for not challenging the validity of his waiver colloquy on direct appeal. He claims that had counsel done so, this Court would have found the colloquy inadequate and awarded Appellant a new trial. In support of this assertion, Appellant relies on *Clyburn*. There, we held that Clyburn's waiver of her right to counsel was inadequate. *Clyburn*, 42 A.3d at 301-302. First, we pointed out that the written colloquy did not "specify the charges brought against [Clyburn] and the elements of each of those charges." *Id.* at 301. During the oral colloquy, the Commonwealth informed Clyburn of "the permissible range of sentences and the guideline ranges for each of the offenses charged[,]" yet at no point was Clyburn informed of "the nature and elements of each of those charges, as contemplated by Rule 121(A)(2)(b)." *Id.* Accordingly, we concluded that the Rule 121 colloquy was defective, vacated Clyburn's judgment of sentence, and remanded for a new trial. *Id.* at 299-302 (relying on *Commonwealth v. Starr*, 664 A.2d 1326, 1335 (Pa. 1995) (mandating a "probing colloquy" to determine whether the defendant's waiver of his right to counsel is knowing, voluntary, and intelligent; colloquy requires court to ensure "the defendant understands the nature of the charges against him and the elements of each of those charges"); *Commonwealth v. Payson*, 723 A.2d 695, 701 (Pa. Super. 1999) (holding that failure to conduct a thorough, on-the-record colloquy

- 6 -

before allowing a defendant to proceed to trial *pro se* constitutes reversible error); **Commonwealth ex rel. Clinger v. Russell**, 213 A.2d 100, 102 (Pa. Super. 1965) (stating it is incumbent on the court to fully advise the accused of the nature and elements of the crime before accepting waiver of counsel)).

We agree with Appellant that the defect in the colloquy in **Clyburn** is analogous to the defect in the instant colloquy. In both cases, the written waiver colloquy did not set forth the specific charges or elements thereof, and during the oral colloquy, the elements of the charges were not stated. Moreover, as in **Clyburn**, nothing in the record of the colloquy proceeding indicates that the trial court ensured that Appellant was aware of the nature and elements of the charges pending against him. Accordingly, Appellant has convinced us that had appellate counsel challenged the waiver colloquy on direct appeal, we would have held that the colloquy was inadequate for the same reasons expressed in **Clyburn**, and based on the same cases relied upon therein.

Next, we must assess whether counsel had any reasonable basis for not raising this issue. At the PCRA hearing, appellate counsel did not take the stand. However, the parties stipulated that counsel's testimony would be the same as that which was outlined in the "Attorney Certificate" attached to Appellant's amended PCRA petition. **See** Commonwealth's Brief at 14 (citing PCRA Hearing, 12/16/13, at 33). That certificate states:

On or about October 1, 2013[,] I spoke with Attorney Joshua Roberts regarding this matter. Attorney Roberts stated that he did not raise the issue [of the deficient waiver of counsel colloquy] because he did not notice anything deficient in the colloquy, and if there was an issue, he did not think it could be dealt with on direct appeal, as it did not appear to violate [Appellant's] due process rights. In addition, Attorney Roberts thought that it was a better strategy to focus on the issue he felt had a better chance of appellate success and not water down the appellate brief with seemingly weaker issues.

Amended Petition, 10/15/13, at 13.

Based on our discussion of the apparent inadequacy of Appellant's waiver colloquy, we conclude that appellate counsel's claims that he "did not notice anything deficient in the colloquy," and that he did not want to "water down the appellate brief with seemingly weaker issues," were not reasonable grounds for counsel's failure to assert this issue. Moreover, while the inadequate waiver may not have constituted a violation of Appellant's due process rights, it clearly constituted a violation of his right to representation by counsel. Accordingly, counsel did not have a reasonable basis for not challenging the adequacy of Appellant's waiver-of-counsel colloquy.

Finally, we must determine if Appellant was prejudiced by appellate counsel's failure to raise this issue. Appellant argues that he was prejudiced because, had counsel challenged the adequacy of his waiver colloquy on direct appeal, we would have concluded it was inadequate and remanded for a new trial. Based on the similarities between the present colloquy and the colloquy which we deemed inadequate in **Clyburn**, we agree.

We note that the Commonwealth essentially concedes that based on the record as it existed at the time of Appellant's direct appeal, this Court "undoubtedly would [have found] the colloquy inadequate." Commonwealth's Brief at 23-24. Nevertheless, the Commonwealth argues that Appellant was not prejudiced because the totality of the circumstances indicate that his waiver of his right to counsel was knowing, intelligent, and voluntary. We need not address the specifics of the Commonwealth's complex argument because it misconstrues the type of prejudice Appellant must prove in this case. Appellant is contending that his appellate counsel acted ineffectively; accordingly, our prejudice analysis must focus on whether Appellant has shown "that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127-1128 (Pa. 2011). Based on our discussion, *supra*, it is apparent had appellate counsel challenged the waiver colloquy on direct appeal, we would have concluded that it was inadequate and remanded for a new trial. Therefore, Appellant has proven that he was prejudiced by appellate counsel's ineffective representation.

Accordingly, we are compelled to conclude that appellate counsel acted ineffectively. Therefore, we vacate the PCRA court's order denying Appellant's petition and remand for a new trial.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2014