J-S23024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL BRISCO | |
| Appellant | No. 2252 EDA 2015 |

Appeal from the PCRA Order June 29, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002316-2011

BEFORE: PANELLA, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 15, 2016**

Daniel Brisco appeals from the order entered on June 29, 2015, in the Court of Common Pleas of Monroe County, denying him relief on his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*. In this timely appeal, Brisco raises one issue; he claims the PCRA court erred in determining appellate counsel was not ineffective in failing to challenge a defective waiver of counsel colloquy prior to Brisco's trial. After a thorough review of the submissions by the parties, relevant law, and the certified record, we believe that Brisco has raised a colorable claim and remand for an evidentiary hearing to allow for the determination of why

_____

[*] Former Justice specially assigned to the Superior Court.

appellate counsel, William P. Marshall, Esquire, did not challenge the defective waiver of counsel colloquy.

The underlying facts of the criminal charges against Brisco are not relevant to the disposition of this appeal. Accordingly, we simply note that on June 16, 2011, Brisco was charged with terroristic threats, stalking, harassment and criminal use of a communication facility[1] regarding actions he took against his estranged wife. On July 9, 2012, he was found guilty by a jury and was ultimately sentenced to 40 to 120 months' incarceration. A direct appeal afforded Brisco no relief.[2] Relevant to this PCRA appeal, prior to trial, Brisco came to believe his appointed counsel, a member of the Monroe County Public Defender's office, was not acting in Brisco's best interests.[3] On July 2, 2012, a colloquy was held in open court to determine whether Brisco's request to represent himself was knowing, intelligent, and voluntary.

The rules for conducting a colloquy regarding waiver of counsel are well settled.

---

[1] 18 Pa.C.S. §§ 2706(a)(1), 2709.1(a)(2), 2709(a)(4), and 7512(a), respectively.

[2] *See Commonwealth v. Brisco*, 2922 EDA 2012 (unpublished memorandum) (filed May 1, 2014).

[3] Specifically, Brisco believed counsel had failed to file several motions on his behalf, including a request for bail reduction, and a claim of a Pa.R.Crim.P. 600 speedy trial violation.

Our Supreme Court mandates a "probing colloquy" to determine whether the defendant's waiver is knowing, voluntary and intelligent. [*Commonwealth v.*] *Starr*, [541 Pa. 564] at 581, 664 A.2d [1236] at 1335. The court must also inquire whether:

(1) the defendant understands that he has the right to be represented by counsel, and the right to have free counsel if he is indigent; (2) the defendant understands the nature of the charges against him and the elements of each of those charges; (3) the defendant is aware of the permissible range of sentences and/or fines for the offenses charged; (4) the defendant understands that if he waives the right to counsel he will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules; (5) defendant understands that there are possible defenses to these charges which counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and (6) the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, the objection to these errors may be lost permanently.

*Starr*, 541 Pa. at 582, 664 A.2d at 1335. In addition, it is "incumbent on the court to fully advise the accused [of the nature and elements of the crime] before accepting waiver of counsel." *Commonwealth ex rel. Clinger v. Russell*, 206 Pa. Super. 436, 213 A.2d 100, 102 (1965).

We have long stated that "a signed statement alone cannot establish that a defendant has effectively waived this right." *Russell*, 213 A.2d at 101. We further clarified the requirement for an appropriate oral colloquy to accompany a written waiver with the following:

One must bear in mind that an accused will often sign such a prepared statement at a time when he is subject to the conflicting pressures inherent in all accusatory proceedings. In the absence of sufficient oral inquiry, such a signed statement will not adequately demonstrate that the accused comprehended and assented to the contents of the writing. The court must examine the accused's

> awareness of the nature of the crime, the range of allowable punishments thereunder, and all other facts essential to a broad understanding of the whole matter. Only at the completion of such a comprehensive inquiry, can the court be confident that the defendant intelligently waived his right to counsel.
>
> *Russell*, 213 A.2d at 101.

*Commonwealth v. Clyburn*, 42 A.3d 296 (Pa. Super. 2012) (footnote omitted).

In *Russell*, *supra*, the signed statement stated, in relevant part, "I further certify that I understand the nature of the charge and the maximum penalty which may be imposed." *Russell*, 213 A.2d at 101.

Here, the relevant portion of the colloquy, *in toto*, was:

The Court: Okay. [Regarding knowledge of right to counsel] Do you understand the nature of the charges that have been filed against you and the elements of each of those charges?

Brisco: Yes.

N.T. Colloquy, 7/2/2012, at 2. The trial court then asked Brisco to list the charges he faced, which he did.

In *Russell*, it was patently inadequate to accept, in writing, the simple statement that the defendant knew the nature of the charges against him. There is no fundamental difference between signing a generic statement certifying an awareness of the nature of the charges one faces, and an equally generic oral inquiry. In both instances, there is no demonstration that the accused has the actual understanding of the nature of the charges

- 4 -

sufficient to inspire the confidence that the defendant has intelligently waived the right to counsel.

Although the trial court clearly demonstrated concern for Brisco and his decision to represent himself, because the colloquy at issue did not inform Brisco of the elements of the crimes he faced nor insured his understanding thereof, we must agree that Brisco's claim the colloquy was legally deficient has arguable merit.[4] However, that determination does not end our inquiry.

> We review ineffective assistance of counsel claims under the following standard:
>
>> We begin with the presumption that counsel rendered effective assistance. To obtain relief on a claim of ineffective assistance of counsel, a petitioner must rebut that presumption and demonstrate that counsel's performance was deficient, and that such performance prejudiced him. **Strickland v. Washington**, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In our Commonwealth, we have rearticulated the **Strickland** Court's performance and prejudice inquiry as a three-prong test. Specifically, a petitioner must show: (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or inaction; and (3) counsel's error caused prejudice such that there is a reasonable probability that the result of the proceeding

_____

[4] We are aware that on direct appeal, a prior panel of our Court commented, "A hearing was held and following an extensive colloquy, the court determined that appellant's waiver of his right to counsel was knowing, intelligent, and voluntary." **Commonwealth v. Brisco**, 2922 EDA 2012 (unpublished memorandum) (filed 5/1/2014). The waiver of counsel colloquy was not at issue in the direct appeal, and this statement is merely part of the procedural history of the direct appeal.

> would have been different absent such error. ***Commonwealth v. Pierce***, 515 Pa. 153, 158-59, 527 A.2d 973, 975 (1987).
>
> ***Commonwealth v. Dennis***, 609 Pa. 442, 17 A.3d 297, 301 (2011) (some internal citations omitted). "A claim of ineffectiveness will be denied if the defendant's evidence fails to meet any one of these prongs." ***Commonwealth v. Hanible***, 612 Pa. 183, 30 A.3d 426, 439 (2011).

***Commonwealth v. Oliver***, 128 A.3d 1275, 1824 (Pa. Super. 2015).

Here, the PCRA court determined that Brisco suffered no prejudice because he failed to show that but for counsel's ineffective assistance he would have accepted appointed counsel's representation. Specifically, the PCRA court opined, "…if the colloquy is deemed deficient, the record belies any suggestion that [Brisco] would not have waived his right to counsel but for Trial Counsel's failure to object to the colloquy." PCRA Court Opinion, 8/14/2015, at 24. The PCRA court bases this determination of lack of prejudice on ***Commonwealth v Spotz***, 18 A.3d 244, 263 (Pa. 2011). See PCRA Court Opinion, at 22. However, Brisco is arguing that **appellate** counsel was ineffective for failing to raise the claim on direct appeal.[5] This distinction requires us to ask a different question regarding prejudice.

---

[5] This claim was properly raised in Brisco's Amended PCRA petition, which was filed on September 25, 2014, at ¶ 6(d).

To elaborate, case law has provided divergent standards for determining whether a petitioner has demonstrated prejudice.[6] As noted, the PCRA court used the commonly referred to **Spotz**[7] standard, which examines ineffective assistance of trial counsel for failing to object contemporaneously to the defective colloquy. The **Spotz** decision noted:

> Although our rules set forth specific requirements for a waiver colloquy, we have been careful to distinguish between a colloquy and the right that it was designed to protect, as follows:
>
> > A waiver colloquy is a procedural device; it is not a constitutional end or a constitutional "right.".... [A]n on-the-record colloquy is a useful procedural tool whenever the waiver of any significant right is at issue, constitutional or otherwise, *e.g.,* waiver of a trial, waiver of the right to counsel, waiver of the right to call witnesses, waiver of the right to cross-examine witnesses, waiver of rules-based speedy trial time limits, etc. But the colloquy does not share the same status as the right itself.
>
> **Commonwealth v. Mallory**, 596 Pa. 172, 941 A.2d 686, 697 (2008) (applying the above principle in the context of waiver of the right to a jury trial).
>
> As **Mallory** made explicitly clear, when a petitioner claims ineffective assistance of counsel based on a failure to object to an allegedly defective waiver colloquy, the claim must be analyzed like any other ineffectiveness claim. **Id**. at 698. The petitioner cannot prevail merely by establishing that the waiver colloquy was indeed defective in some way. Rather, the petitioner must prove that, because of counsel's ineffectiveness, he waived the constitutional right at issue unknowingly or

---

[6] These divergent standards have evolved due to the timing of the claim of ineffective assistance. Specifically, did the claimed ineffective assistance take place pre- or post-trial.

[7] **Commonwealth v. Spotz**, 18 A.3d 244 (Pa. 2011).

involuntarily, and that he was prejudiced. To establish prejudice, the petitioner must demonstrate a reasonable probability that but for counsel's ineffectiveness, he would not have waived the right at issue. *Id*. at 698-704. In considering such a claim of ineffectiveness, the court considers the totality of the circumstances and the entire record, not just the colloquy itself. *Id*. at 698, 704.

*Spotz*, 18 A.3d at 263-64. In *Spotz*, the claimed ineffective assistance of counsel occurred **prior** to the defendant waiving his constitutional right to counsel. Accordingly, under *Strickland*, the proper inquiry is to determine whether, but for counsel's ineffective assistance, the defendant would have waived counsel.

However, case law dictates a different inquiry where the complained of ineffective assistance of counsel is the failure to raise the issue of a deficient waiver of counsel colloquy on direct appeal. In 2005, our Supreme Court determined the primary responsibility for ensuring a proper waiver of counsel colloquy rested with the trial court, not trial counsel. Accordingly, the issue of a deficient colloquy could be raised on direct appeal, without claiming trial counsel ineffectiveness:

Before turning to the merits of Appellant's claim, we will first address the Commonwealth's allegation that this claim should be raised as a claim of trial counsel's ineffectiveness. This claim is properly addressed as the error of the trial court, since Rule 121 of the Pennsylvania Rules of Criminal Procedure sets forth the procedure a judge must follow to determine whether the waiver of counsel was made knowingly, voluntarily and intelligently. Pa.R.Crim.P. 121; *see, e.g., Commonwealth v. Brazil*, 549 Pa. 321, 701 A.2d 216 (1997); *see also* [*Commonwealth v.*] *Starr*, 664 A.2d [1326] at 1335 [Pa. 1995)]. In *Commonwealth v. McDonough*, 571 Pa. 232, 812 A.2d 504 (2002), this court considered whether the prosecutor could

"colloquy" a defendant consistent with Rule 121. We acknowledged that a defendant had the right to represent himself at trial. *McDonough*, 812 A.2d at 506 (*citing Faretta v. California*, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). We then made clear that when a defendant desired to represent himself, "he must petition the court and the court must follow the appropriate legal procedure for securing a valid waiver of counsel." *Id*. Rule 121 provided the appropriate legal procedure and could be complied with by the prosecutor's colloquy so long as the prosecutor inquired into the six areas set forth by the Comments to Rule 121 before the trial judge. *McDonough*, 812 A.2d at 506-07. In this way, the trial judge could ascertain on the record whether there was a knowing, voluntary, and intelligent waiver of counsel. *Id*. at 508. **We stressed, however, that it was the trial judge who was "ultimately responsible for ensuring that the defendant is questioned about the six areas discussed above and for determining whether the defendant is indeed making an informed and independent decision to waive counsel." *Id.* Likewise, we held that it was the "trial judge" that had the duty to ensure that a defendant's right to counsel was protected. *Id.* Thus, we conclude that, consistent with *McDonough,* the Rules of Criminal Procedure are clear that it is up to the trial court, and not counsel, to ensure that a colloquy is performed** if the defendant has invoked his right to self representation. The Commonwealth's argument that this claim must be pled as one of ineffectiveness fails.

*Commonwealth v. Davido*, 868 A.2d 4431, 437-38. (Pa. 2005) (footnotes omitted) (emphasis added).

When the issue of a defective waiver of counsel colloquy is raised on direct appeal, there is no requirement that that appellant independently prove prejudice; pursuant to *Commonwealth v. Clyburn*, 42 A.3d 296 (Pa. Super. 2012) citing, *inter alia*, *Commonwealth v. Brazil*, 701 A.2d 216 (Pa. 1997) and *Commonwealth v. Houtz*, 856 A.2d 119 (Pa. Super. 2004), no showing of prejudice is required. In order to prevail on a direct appeal

claim of a deficient waiver of counsel colloquy, one need only demonstrate that the colloquy was, in fact defective. If appellate counsel successfully demonstrates the defective nature of the waiver of counsel colloquy on direct appeal, then the appellant will be granted a new trial without having to prove he or she would not have otherwise accepted counsel. The fact of the defective colloquy will be sufficient to prevail and obtain a new trial.

Therefore, under **Strickland**, when appellate counsel ineffective assistance is alleged, the proper inquiry is whether but for appellate counsel's ineffective assistance in failing to raise the issue, would the outcome of the direct appeal have been different. Under **Clyburn**, *et al*, raising a meritorious claim of a deficient waiver of counsel colloquy on direct appeal requires the grant of a new trial. Brisco was afforded no relief on direct appeal; therefore, he suffered prejudice from appellate counsel's failure to raise the issue.

Our final inquiry is to determine whether counsel had a reasonable basis for his action or inaction. Although a hearing was held on Brisco's PCRA petition, appellate counsel did not testify. Accordingly, we have no insight into counsel's reasons for failing to raise the issue on direct appeal. Our Supreme Court has instructed that "a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion." **Commonwealth v. Colavita**, 993 A.2d 874, 895 (Pa. 2010). "The fact that an appellate court, reviewing a cold record, cannot

prognosticate a reasonable basis for a particular failure to raise a plausible objection does not necessarily prove that an objectively reasonable basis was lacking." *Id*. at 896, *quoting* **Commonwealth v. Spotz**, 870 A.2d 822, 832 (Pa. 2005). Accordingly, we must remand this matter to the PCRA court for further investigation into appellate counsel's reasoning.[8]

Order reversed. This matter is remanded for action consistent with this decision. Jurisdiction is relinquished.

_____

[8] We also note that after jury selection and during the direct examination of the Commonwealth's first witness, the trial stopped due to Brisco's realization that he was incapable of defending himself. The originally appointed trial counsel, whom Brisco had previously rejected, was reappointed and served through the remainder of the trial. However, Brisco was without counsel for jury selection, which is a critical stage of the criminal proceeding. **See Commonwealth v. McNamara**, 662 A.2d 9, 14 (Pa. Super. 1995) (jury selection is a critical stage). The right to counsel applies to all critical stages. **Commonwealth v. Johnson**, 828 A.2d 1009 (Pa. 2003). In **Clyburn**, *et al*, the defendant was without counsel for the entire trial. Therefore, the instant matter presents a different factual pattern than **Clyburn**. This does not necessarily dictate a different result, given that the reappointment of counsel occurred during trial but after a critical stage had passed. As this matter is being remanded for an additional hearing, it may be prudent for counsel and the PCRA court to address if or how this difference might affect any subsequent prejudice analysis.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/15/2016