J-S72036-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
RICHARD DALE HELMS, :
:
Appellant : No. 786 MDA 2016

Appeal from the PCRA Order April 21, 2016,
in the Court of Common Pleas of Berks County,
Criminal Division at No(s): CP-06-CR-0000395-2006,
CP-06-CR-0002897-2006, CP-06-CR-0002898-2006,
CP-06-CR-0004789-2006

BEFORE:  GANTMAN, P.J., DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED NOVEMBER 22, 2016**

Richard Dale Helms (Appellant) appeals *pro se* from the order of April
21, 2016, which denied his petition filed pursuant to the Post Conviction
Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   Upon review, we vacate the
order of the PCRA court and remand for proceedings consistent with this
memorandum.

On June 25, 2008, a jury found Appellant guilty of multiple sex
offenses related to Appellant's sexual abuse of four separate minor victims.
He was sentenced to an aggregate term of 124 to 248 years of
incarceration.  This Court affirmed Appellant's judgment of sentence, and on
October 8, 2010, our Supreme Court denied Appellant's petition for

_____
*Retired Senior Judge assigned to the Superior Court.

allowance of appeal. **Commonwealth v. Helms**, 998 A.2d 1012 (Pa. Super. 2010), *appeal denied*, 8 A.3d 898 (Pa. 2010).

Appellant timely filed a PCRA petition on September 14, 2011. Counsel was appointed, and he eventually filed a no-merit letter and petition to withdraw over two years later, on January 10, 2014. The PCRA court permitted counsel to withdraw and issued a notice of its intent to dismiss the PCRA petition without a hearing. Appellant responded by filing an amended PCRA petition, which was dismissed on February 4, 2014.

Appellant timely filed a notice of appeal to this Court. This Court reversed the PCRA court's dismissal of Appellant's PCRA petition and was concerned primarily with the delay between the appointment of PCRA counsel on September 22, 2011, and the eventual filing of the no-merit letter and request to withdraw on January 10, 2014.

> For two years, counsel failed to perform any action in this matter except to file extensions. When Appellant repeatedly and emphatically asked to proceed *pro se* to file the amended PCRA petition that counsel was unable to complete, he was denied that right. In 2014, two and one-half years after the initial petition was filed, counsel obtained withdrawal based upon an utterly defective no-merit letter.

**Commonwealth v. Helms**, 108 A.3d 115 (Pa. Super. 2014) (unpublished memorandum at 1).

Thus, this Court held that the PCRA court erred by denying Appellant's earlier request to proceed *pro se* that he filed on August 19, 2013. This Court remanded for the PCRA court to "conduct a proper waiver-of-counsel

colloquy" and thereafter permit Appellant to file an amended PCRA petition.

*Id*. at 5.

In response to this Court's remand, on November 20, 2014, the PCRA court sent Appellant an order that provided the following:

> AND NOW, this 20th day of November, 2014, contemporaneously with the filing of this Order, a Waiver of PCRA Counsel colloquy has been mailed to the Defendant. The Defendant shall have thirty days to sign the colloquy and return it in the postage-paid envelope, which has also been provided. Once said colloquy is received, the Defendant will be permitted to file an amended PCRA petition.

Order, 11/20/2014.

On December 11, 2014, the clerk of courts docketed Appellant's signed colloquy. Appellant also filed an amended PCRA petition. On July 23, 2015, the PCRA court issued a notice of intent to dismiss Appellant's petition without a hearing. Appellant filed a response, and on April 20, 2016, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal.

Before we reach the substantive issues set forth by Appellant, we consider whether the PCRA court complied with this Court's previous directive to "conduct a proper waiver-of-counsel colloquy." *Helms*, 108 A.3d 115 (Pa. Super. 2014) (unpublished memorandum at 5). We are cognizant that Appellant has not argued that he wished to proceed with counsel. "That fact, however, does not prevent us from *sua sponte* addressing this issue and remanding his case." *Commonwealth v. Stossel*, 17 A.3d 1286, 1290

(Pa. Super. 2011). In **Stossel**, this Court held explicitly that "where an indigent, first-time PCRA petitioner was denied his right to counsel - or failed to properly waive that right - this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Id**.

Thus, we now must determine whether the PCRA court's act of sending Appellant a waiver-of-counsel colloquy form to fill out and send back complied with this Court's directive. In **Commonwealth v. Robinson**, 970 A.2d 455 (Pa. Super. 2009) (*en banc*), this Court reiterated the principle that "[w]hen a waiver of the right to counsel is sought at the post-conviction and appellate stages, an **on-the-record** determination should be made that the waiver is knowing, intelligent, and voluntary." **Id**. at 457 (emphasis added). **See also** Pa.R.Crim.P. 121(C) ("When the defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, **on the record**, whether this is a knowing, voluntary, and intelligent waiver of counsel.") (emphasis added). Moreover, the comments to Rule 121 provide "at a minimum, that the judge … ask questions to elicit the information set forth in paragraph (A)(2)." Pa.R.Crim.P. 121 (comment).

Furthermore, it is a long-standing principle that "a signed statement alone cannot establish that a defendant has effectively waived this right [to counsel]." **Commonwealth ex rel. Clinger v. Russell**, 213 A.2d 100, 101 (Pa. Super. 1965).

One must bear in mind that an accused will often sign such a prepared statement at a time when he is subject to the conflicting pressures inherent in all accusatory proceedings. In the absence of sufficient oral inquiry, such a signed statement will not adequately demonstrate that the accused comprehended and assented to the contents of the writing. The court must examine the accused's awareness of the nature of the crime, the range of allowable punishments thereunder, and all other facts essential to a broad understanding of the whole matter. Only at the completion of such a comprehensive inquiry, can the court be confident that the defendant intelligently waived his right to counsel.

*Id*. *See also Commonwealth v. Clyburn*, 42 A.3d 296, 300 (Pa. Super. 2012) (clarifying that our jurisprudence requires "an appropriate oral colloquy to accompany a written waiver").

Based on the foregoing, it is clear that the PCRA court did not comply with this Court's directive to "conduct a proper waiver-of-counsel colloquy." *Helms*, 108 A.3d 115 (Pa. Super. 2014) (unpublished memorandum at 5). By sending a form to Appellant for him to sign, the PCRA court did not comply with the mandates of Pa.R.Crim.P. 121. *See Stossel*, 17 A.3d at 1289 ("[I]f a PCRA defendant indicates a desire to represent himself, it is incumbent on the PCRA court to elicit information from the defendant that he understands the items outlined in Pa.R.Crim.P. 121(A)(2)(a), (d), (e), and (f).").

Accordingly, we vacate the order of the PCRA court "and remand for the court to conduct a *Grazier*[1] hearing to determine if [Appellant] is

---

[1] *Commonwealth v. Grazier*, 713 A.2d 81 (1998) (holding that "when a waiver of the right to counsel is sought at the post-conviction and appellate

knowingly, intelligently, and voluntarily waiving his right to counsel."

***Stossel***, 17 A.3d at 1290.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2016

---

stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one").