J-S17016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC WARREN BIEBER | |
| Appellant | No. 904 MDA 2019 |

Appeal from the Judgment of Sentence May 7, 2019
In the Court of Common Pleas of Tioga County
Criminal Division at No: CP-59-CR-0000331-2017

BEFORE:  PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                     **FILED JULY 23, 2020**

Appellant, Eric Warren Bieber, appeals from his judgment of sentence of 11½-23 months' imprisonment for carrying firearms without a license and concurrent sentences for harassment.  Appellant argues in this direct appeal that the trial court erred by permitting him to represent himself during trial without obtaining his knowing, voluntary, and intelligent waiver of counsel. We agree with Appellant that his waiver of counsel was inadequate because the court failed to ensure that Appellant understood the elements of the firearms and harassment charges.  Accordingly, we reverse and remand for further proceedings on these charges.

Appellant was charged in a 21-count information with four counts of aggravated assault, four counts of terroristic threats, four counts of simple assault, four counts of reckless endangerment, four counts of harassment and

one count of carrying firearms without a license.[1]  During a pretrial hearing

on January 8, 2018, Appellant advised the court that he wanted to represent

himself at trial.  The following colloquy took place:

> THE COURT: Okay. Do you understand [] the nature of the charges and the elements of those charges?  Do you understand what it is the state has accused you of, and what it is they would have to prove if this case went to trial?
>
> APPELLANT: Yes, your Honor.
>
> THE COURT: All right.  Have you received a copy of the criminal information?
>
> APPELLANT: The discovery —
>
> THE COURT: — the charging document?
>
> APPELLANT: The, the charges themselves?  Yes.
>
> THE COURT: Well, there would be a complaint filed, that would have been filed by the police that . . . usually has several pages and gives dates, and times, and locations, and then a kind of an affidavit.  And then there's a separate document that the District Attorney has to sign a criminal information that lists all the charges.  Do you have those?
>
> APPELLANT: Yes.
>
> THE COURT: Okay.  And then I take it you've had a chance to look at them so, you, you can in fact understand what the charges are?
>
> APPELLANT: Yes, your Honor.
>
> THE COURT: Okay. Now, you are charged with a total of 21, it looks like 21 total counts in this information.  The first 4 charges are all felonies of the second degree.  In the Commonwealth of Pennsylvania, a person who is convicted of a felony of the second-

---

[1] 18 Pa.C.S.A. §§ 2702(a)(4), 2706(a)(1), 2701(a)(2), 2705, 2709(a)(1), and 6106(a)(1), respectively.

degree can be sentenced to serve up to 10 years of incarceration and be ordered to pay up to a S25,000.00 fine, and that would be on each of the second-degree felonies. Do you understand that?

APPELLANT: Yes.

THE COURT: All right. There are then, at counts, I believe 5 through 8, there are . . . 5 charges that are treated as misdemeanors of the first-degree; those are a terroristic threats charge. A first-degree misdemeanor in the Commonwealth is punishable by a maximum of 5 years of incarceration and up to a $10,000.00 fine on each count. Do you understand that, sir?

APPELLANT: Yes, your Honor.

THE COURT: All right. The next 8 counts in the criminal information are all graded as misdemeanors of the second-degree and they are 4 counts of simple assault, and then 4 counts of endangering another person. Misdemeanors of the second-degree are each punishable by up to 2 years of incarceration, and up to a $5,000.00 maximum fine. Do you understand that?

APPELLANT: Yes.

THE COURT: All right. And then there are charges that are graded as summary offenses. Summary offenses in the Commonwealth are punishable by . . . a maximum of 90 days of incarceration, and a maximum of $300.00 fine. Do you understand that?

APPELLANT: Yes.

THE COURT: And the final count is a charge relating to firearms and licenses, and that's a third degree felony. That, as a third-degree felony, a person could be, who's convicted, could be sentenced up to 7 years of incarceration and ordered to pay a total of $15,000.00 in fines. Do you understand that?

APPELLANT: Yes.

THE COURT: All right. Now, I will tell you right here and now, I did not add up what all those numbers are, but do you understand that in the worst possible scenario for you, you could be, if you were convicted of every charge, . . . all those sentences could be stacked and run consecutively.

APPELLANT: Yes, I do.

THE COURT: And [that] looks like about 84 years total time. Do you understand that?

APPELLANT: Yes.

THE COURT: And well over $100,000.00 in fines. Do you understand that?

APPELLANT: Yes, I do.

N.T., 1/8/18, at 2-5. Appellant signed a form waiving his right to counsel. The form inquired, "Do you understand the nature of the charges against you and the elements of these charges?" Waiver of Counsel Form, 1/8/18. Appellant answered "yes" and signed his initials next to this answer. *Id.* The court permitted Appellant to represent himself. N.T., 1/8/18, at 8.

On the first day of trial, February 6, 2019, a second judge conducted another colloquy with Appellant concerning the issue of representation. Noting that Appellant had signed a waiver of representation one year earlier on January 8, 2018, the judge stated, "I just wanted to go through this with you again." N.T., 2/6/19, at 1. The following colloquy took place:

THE COURT: Do you understand the charges against you?

APPELLANT: Yes.

THE COURT: Four counts of aggravated assault, four counts of simple assault, four counts of reckless endangerment and four counts of terroristic threats, plus some summary charges that the Court decides at the appropriate time. [So] you understand those charges and . . . you understand the allegations against you?

APPELLANT: Yes, I do.

THE COURT: Very well. Are you aware of the range of potential sentences for these various offenses?

APPELLANT: Yes, I am.

THE COURT: All right. In other words, the aggravated assaults are each felonies of the second degree, each punishable by up to ten years. The simple assaults are misdemeanors of the second degree, they are each punishable by up to two years. The terroristic threats are misdemeanors of the first degree, each punishable by up to five years. And I just want to make sure you understand the potential maximum sentences.

APPELLANT: Yes.

THE COURT: Very well.

*Id.* at 1-2. The court also advised Appellant that his firearms charge was a third degree felony for which the maximum sentence was seven years' imprisonment. *Id.* at 3.

The court accepted Appellant's waiver of counsel, and Appellant represented himself during trial. The jury found Appellant not guilty of all felony and misdemeanor charges except the firearms charge. The judge found Appellant guilty of the four summary offense charges of harassment.

Prior to sentencing, counsel entered his appearance for Appellant. On May 7, 2019, the court imposed sentence. Through counsel, Appellant filed timely post-sentence motions but later withdrew them. Appellant then timely appealed to this Court. Counsel for Appellant filed a timely Pa.R.A.P. 1925 statement of errors complained of on appeal but failed to argue therein that

Appellant did not knowingly, voluntarily and intelligently waive his right to counsel.

Appellant filed a motion in this Court seeking a remand to the trial court for the purpose of filing a supplemental Rule 1925 statement. On November 20, 2019, this Court granted Appellant's motion for remand. On remand, Appellant filed a supplemental Rule 1925(b) statement contending that his waiver of counsel on the day of trial was invalid because the court failed to describe the elements of each offense during the waiver colloquy. The trial court filed a supplemental opinion on this subject acknowledging its failure to describe the elements of the charges but arguing that Appellant suffered no prejudice.

Appellant raises a single issue in this appeal: "Whether the trial court violated Appellant's Sixth Amendment right to counsel by failing to conduct an adequate colloquy with Appellant as to the elements of the offenses charged against him?" Appellant's Brief at 4. This argument is moot with regard to the charges on which Appellant was acquitted: aggravated assault, simple assault, reckless endangerment and terroristic threats. *Commonwealth v. Booth*, 435 A.2d 1220, 1226 (Pa. Super. 1981) (claimed defects in certain counts of criminal complaint were moot where defendant was acquitted on these charges). We consider this argument only in relation to the charges on which Appellant was found guilty, the firearms and harassment charges.

A criminal defendant's right to counsel is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 and Article V, Section 9 of the Pennsylvania Constitution. ***Commonwealth v. Clyburn***, 42 A.3d 296, 298 (Pa. Super. 2012). Not only does this right apply to capital offenses, felonies and misdemeanors, but also it applies to summary offenses, such as the harassment charges in the present case, "when there is a likelihood that imprisonment will be imposed." ***Commonwealth v. Smith***, 868 A.2d 1253, 1256 (Pa. Super. 2005).

A defendant has a well-settled constitutional right to dispense with counsel and defend himself before the court. ***Clyburn***, 42 A.3d at 298. Denial of a defendant's right to proceed *pro se* is not subject to harmless error analysis on direct appeal. ***Id.***; ***Commonwealth v. Isaac***, 205 A.3d 358, 367 (Pa. Super. 2019).

When a defendant waives his right to counsel and elects to defend himself, Pa.R.Crim.P. 121 requires the court to conduct a "probing inquiry" on a series of subjects with the defendant in order to determine whether his waiver is knowing, voluntary and intelligent. ***Clyburn***, 42 A.3d at 299. One of these subjects is "that the defendant understands the nature of the charges against the defendant and the elements of each of those charges." Pa.R.Crim.P. 121(A)(2)(b). We have repeatedly emphasized that "it is incumbent on the court to fully advise the accused [of the nature and elements of the crime] before accepting waiver of counsel." ***Clyburn***, 42 A.3d at 299

(citing **Commonwealth ex rel. Clinger v. Russell**, 213 A.2d 100, 102 (Pa. Super. 1965)). "Failure to conduct a thorough, on-the-record colloquy before allowing a defendant to proceed to trial *pro se* constitutes reversible error." **Id.** at 300-01; **see also Commonwealth v. Houtz**, 856 A.2d 119, 124 ("penetrating and comprehensive colloquy" is "mandated"). Furthermore, our scope of review is narrow. We cannot take the totality of circumstances into account, such as the defendant's familiarity with the criminal justice system or quality of his self-representation, in determining whether he properly waived his right to counsel. **Clyburn**, 42 A.3d at 302 n.3; **Houtz**, 856 A.2d at 125. We consider only whether the trial court "compl[ied] with the dictates of Rule [121]." **Houtz**, 856 A.2d at 125.

Furthermore, "we have long stated that a signed statement alone cannot establish that a defendant has effectively waived [his] right [to counsel]." **Id.** at 300 (citing **Russell**, 213 A.2d at 101). An "appropriate oral colloquy" must accompany a written waiver.

> One must bear in mind that an accused will often sign such a prepared statement at a time when he is subject to the conflicting pressures inherent in all accusatory proceedings. In the absence of sufficient oral inquiry, such a signed statement will not adequately demonstrate that the accused comprehended and assented to the contents of the writing. The court must examine the accused's awareness of the nature of the crime, the range of allowable punishments thereunder, and all other facts essential to a broad understanding of the whole matter. Only at the completion of such a comprehensive inquiry, can the court be confident that the defendant intelligently waived his right to counsel.

**Id.**

In **Clyburn**, we held that the defendant's waiver of counsel was inadequate under Rule 121 even though the defendant signed a written waiver of counsel form and received a hearing before the trial judge concerning her waiver. When the defendant advised the court that she was representing herself at trial, she signed a written waiver of counsel form that stated, "I understand the nature of the charges against me and the elements of each of those charges," *id.* at 301, virtually identical to the language used in the waiver form in the present case. We described the form as "perfunctory" and concluded that "[t]he waiver form . . . failed to specify the charges brought against Appellant and the elements of each charge." *Id.* We held that "without sufficient oral inquiry, the signed statement did not adequately demonstrate that Appellant "comprehended and assented to the contents of the writing." *Id.* Moreover, during the waiver of counsel hearing, the court directed the prosecutor to explain the nature of the charges. The prosecutor listed the charges, the grading of each offense, and the permissible sentence and guidelines range for each charge. *Id.* The prosecutor did not, however, "specify the nature and elements of each of those charges." *Id.* We vacated the defendant's judgment of sentence and remanded for a new trial, stating, "[N]either in the written waiver of counsel form, nor in the oral colloquy did the trial judge or issuing authority elicit information from Appellant that adequately demonstrates she understood the nature of the charges against her and the elements of each of those charges." *Id.*

In this case, Appellant argues that his waiver of counsel on the first day of trial, February 6, 2019, was invalid. The Commonwealth counters that Appellant validly waived counsel during the January 8, 2018 pretrial hearing, and that his waiver remained effective throughout the remainder of the case, including trial. Commonwealth's Brief at 6. It is true that "once a defendant has made a competent waiver of counsel, that waiver remains in effect through all subsequent proceedings in that case absent a substantial change in circumstances." *Commonwealth v. Phillips*, 141 A.3d 512, 521 (Pa. Super. 2016). Accordingly, we will analyze whether Appellant validly waived his right to counsel either during the January 8, 2018 hearing or at the beginning of trial on February 6, 2019.

During the January 8, 2018 hearing, Appellant signed a form that asked, "Do you understand the nature of the charges against you and the elements of these charges?" This was not a valid waiver of counsel, because this text was practically identical to the text we found insufficient in *Clyburn*. Nor did Appellant validly waive counsel during the colloquy with the court. The court asked Appellant whether he had copies of the information and criminal complaint, and Appellant answered that he did. The five-page, 21-count information listed the elements of, and described the nature of, each count. The court asked whether Appellant "had a chance to look at [the complaint and information] so [you] in fact understand what the charges are." N.T., 1/8/18, at 3. Appellant responded in the affirmative. Even so, it is impossible

to tell whether Appellant reviewed the firearms and harassment counts on the third and fourth pages of the densely-worded information or understood the nature and elements of those counts. Furthermore, the court did not expressly mention that Appellant was charged with harassment[2] or verbally review the nature and elements of the firearms or harassment charges[3] with Appellant. Thus, the colloquy was not penetrating or thorough enough to satisfy the dictates of Rule 121.

Nor was Appellant's waiver of counsel on the first day of trial satisfactory, because once again, the court failed to expressly mention that Appellant was charged with harassment offenses and failed to discuss the nature or elements of the firearms and harassment charges with Appellant. N.T., 2/6/19, at 1-2.

The trial court acknowledges that Appellant has a "strong" argument but insists that Appellant suffered no prejudice from the court's failure to describe

_____

[2] The court simply stated that the information included several summary offense charges. *Id.* at 3-4.

[3] For example, the court failed to state the elements of the firearms charge, *i.e.*, that Appellant "carried a firearm in a vehicle, or carried a firearm concealed on or about his . . . person, except in his . . . place of abode or fixed place of business, without a valid and lawfully issued license under the [U]niform [F]irearms [A]ct. . ." Information, Count 21. Nor did the court state the nature of this offense, *i.e.*, that "on or about [August 2,] 2017," Appellant "did carry a firearm, namely a Stoeger Cougar Model 8040F, .40 caliber pistol, in a vehicle or concealed on or about his person, while outside his abode or fixed place of business without a valid and lawfully issued license." *Id.*

the elements of the firearms charge, because "[Appellant's] defense at trial indicated a complete understanding of the offense, as he argued that the weapon in question was subject to a hunting exception so that a concealed carry permit was not necessary." Supplemental Opinion, 1/2/20, at 1. We disagree for several reasons. On direct appeal,

> there is no need for a showing of prejudice when a defendant proceeded to trial without a legally sufficient waiver of her constitutional right to counsel. *See Commonwealth v. Brazil*, [] 701 A.2d 216 ([Pa.] 1997) (granting new trial for defective waiver colloquy without analyzing whether the appellant suffered prejudice); *Houtz*, 856 A.2d at 130 (same).

*Clyburn*, 42 A.3d at 302 n.3.[4] Thus, even if Appellant suffered no prejudice at all, he is still entitled to relief due to the defective waiver of counsel colloquy. Further, our precedents instruct that we cannot take the quality of Appellant's self-representation into account but must focus solely on whether the court complied with Rule 121 during the waiver of counsel hearing. *Id.* For the reasons given above, the court failed to comply with Rule 121 during either waiver hearing in this case.

Accordingly, we must grant Appellant a new trial on the firearms and harassment charges. We vacate his judgment of sentence on these convictions and remand for a new trial.

_____

[4] In contrast, in a PCRA proceeding, proof of prejudice would be necessary. *Isaac*, 205 A.3d at 367 (prejudice not presumed at PCRA stage where petitioner alleges ineffective assistance of counsel for failing to object to defective waiver colloquy concerning right to counsel at trial).

Judgment of sentence vacated on firearms and harassment convictions.

Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/23/2020