J-S63040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER ALLEN ZUNNER | : | |
| | : | No. 328 WDA 2018 |
| Appellant | | |

Appeal from the Judgment of Sentence February 2, 2018
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000220-2015,
CP-11-CR-0001082-2015, CP-11-CR-0001083-2015,
CP-11-CR-0001085-2015, CP-11-CR-0001086-2015,
CP-11-CR-0001123-2015, CP-11-CR-0001414-2014,
CP-11-CR-0001463-2014, CP-11-CR-0001704-2014,
CP-11-CR-0001814-2014, CP-11-CR-0002241-2014,
CP-11-CR-0002242-2014

BEFORE:   OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED OCTOBER 30, 2018**

Appellant, Christopher Allen Zunner, appeals from the February 2, 2018, judgment of sentence entered in the Court of Common Pleas of Cambria County following his revocation from the State Intermediate Punishment ("SIP") program.[1]  After a careful review, we are constrained to vacate the February 2, 2018, judgment of sentence and remand for further proceedings.

_____

[1] We note that Appellant omitted from his notice of appeal docket number CP-11-CR-0001084-2015, which was included in Appellant's February 2, 2018, judgment of sentence.  Further, we note Appellant filed one notice of appeal

_____

*   Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history are as follows: Appellant was charged with multiple offenses in connection with crimes occurring in 2014 and 2015, and Michael Walther, Esquire, was appointed to represent Appellant. However, after Appellant expressed dissatisfaction with his representation, Attorney Walther filed a petition seeking to withdraw. The trial court granted Attorney Walther's petition, and following an oral and written colloquy, the trial court permitted Appellant to proceed *pro se* with Gary Vitko, Esquire, as standby counsel. On December 11, 2015, Appellant entered guilty pleas in the cases that were pending against him.[2]

_____

listing numerous docket numbers. On June 1, 2018, the Pennsylvania Supreme Court, in **Commonwealth v. Walker**, ___ Pa. ___, 185 A.3d 969 (2018), held that such a practice violates Pennsylvania Rule of Appellate Procedure 341(a), and the failure to file separate notices of appeal for separate dockets will result in quashal of the appeal. **See id.** However, the Court announced its holding was prospective only. **See id.** Moreover, Appellant's omission as it relates to docket number CP-11-CR-0001084-2015, as well as his failure to file separate notices of appeal, occurred when Appellant was *pro se* without a valid waiver of his right to counsel (as more fully explained *infra*).

[2] Specifically, Appellant pled guilty to the following charges: At 1704-2014, Count 1-Possession with Intent to Deliver, 35 P.S. § 780-113(a)(3); at 1082-2015, Count 3-Criminal Trespass, 18 Pa.C.S.A. § 3503(a)(1)(ii); at 1123-2015, Count 2-Theft by Deception, 18 Pa.C.S.A. § 3922(a)(1); at 0220-2015, Count 1-Forgery, 18 Pa.C.S.A. § 4104(a)(2); at 1085-2015, Count 1-Access Device Fraud, 18 Pa.C.S.A. § 4106(a)(1)(ii); at 1083-2015, Count 1-Theft by Unlawful Taking, 18 Pa.C.S.A. § 3921(a); at 1814-2014, Count 1-Theft by Unlawful Taking, 18 Pa.C.S.A. § 3921(a); at 2242-2014, Count 1-Retail Theft, 18 Pa.C.S.A. § 3929; at 2241-2014, Count 1-Criminal Conspiracy, 18 Pa.C.S.A. § 903; at 1414-2014, Count 1-Use or Possession of Drug

On January 27, 2016, the Commonwealth filed a motion for SIP, and following a determination that Appellant was SIP eligible, the trial court sentenced Appellant to an aggregate of twenty-four months of SIP, to be followed by fifteen years of probation, as well as pay restitution totaling $16,621.12.

Thereafter, the Department of Corrections advised the trial court that Appellant was expelled from the SIP program due to misconduct.[3] Consequently, the trial court held a SIP revocation hearing on February 2, 2018, at which Appellant appeared *pro se* via video with Attorney Vitko as standby counsel. The trial court found Appellant had been expelled from the SIP program and then imposed an aggregate sentence of 46 months to 360 months in prison. In addition, the trial court directed Appellant to pay restitution totaling $16,621.12.

Appellant filed a timely *pro se* motion for reconsideration of his sentence, which the trial court denied. Thereafter, Appellant filed a timely *pro*

---

Paraphernalia, 35 P.S. § 780-113(a)(32); at 1463-2014, Count 1-Use or Possession of Drug Paraphernalia, 35 P.S. § 780-113(a)(32); at 1084-2015, Count 1-Theft by Unlawful Taking, 18 Pa.C.S.A. § 2921(a); and at 1086-2015, Count 1-Access Device Fraud, 18 Pa.C.S.A. § 4106(a)(1)(ii).

[3] 61 Pa.C.S.A. § 4105 (f) sets forth that a participant may be expelled from the program and, when such occurs, the Department of Corrections shall promptly notify the trial court, the defendant, and the attorney for the Commonwealth.

*se* notice of appeal, as well as a request for the appointment of counsel, and the trial court appointed Richard M. Corcoran, Esquire, to assist Appellant.

On appeal, Appellant suggests the trial court did not properly ensure that he waived his right to counsel for purposes of the SIP revocation and resentencing hearing. We agree, and, therefore, we vacate the February 2, 2018, judgment of sentence and remand for a new SIP revocation hearing.

It is well-settled that a defendant is entitled to counsel "at every stage of a criminal proceeding where substantive rights of the accused may be affected." ***Commonwealth v. Johnson***, 574 Pa. 5, 828 A.2d 1009 (2003). This Court has held that an SIP sentence is analogous to a probation sentence. ***See Commonwealth v. Kuykendall***, 2 A.3d 559, 563 (Pa.Super. 2010). Accordingly, the rights due to a defendant at a SIP revocation proceeding are similar to those due to a defendant at a probation revocation proceeding. ***See id.*** In this regard, we note that the U.S. Supreme Court has held that counsel must be afforded at a violation of probation hearing. ***See Mempa v. Rhay***, 389 U.S. 128 (1967) (holding counsel must be afforded at a probation revocation hearing).

Moreover, Pennsylvania Rule of Criminal Procedure 708 expressly provides, in relevant part:

> Whenever a defendant has been sentenced to probation or **intermediate punishment**, or placed on parole, the judge shall not revoke such probation, **intermediate punishment**, or parole as allowed by law unless there has been:
>
> (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel[.]

Pa.R.Crim.P. 708(B) (emphasis added).[4]

It is well-settled that the right to counsel may be waived. "When a waiver of the right to counsel is sought…, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa.Super. 2009) (*en banc*) (quotation marks and quotation omitted). *See Commonwealth v. Patterson*, 931 A.2d 710 (Pa.Super. 2007) (holding a waiver colloquy must be conducted prior to granting a defendant's request to proceed *pro se* at a probation revocation proceeding). The content of the on-the-record colloquy is set forth in Pa.R.Crim.P. 121.

Here, as it pertains to Appellant's February 2, 2018, SIP revocation and resentencing hearing, the trial court did not determine whether Appellant was aware of his right to counsel and/or whether Appellant voluntarily and intelligently waived this right. Instead, the record reflects the trial court summarily accepted Appellant's *pro se* status with Attorney Vitko as standby

---

[4] We note that, once the trial court determines a defendant has not successfully completed the SIP program and revokes the SIP sentence, the trial court, much like a probation revocation, has the same sentencing alternatives available to it as it had at the time of the original sentence. 42 Pa.C.S.A. § 9774(c).

- 5 -

counsel.[5]  For instance, the following exchange occurred during the SIP revocation and resentencing hearing:

> THE COURT: Mr. Vitko, anything?
>
> ATTORNEY VITKO: Your Honor, I'm merely standby counsel.  It's [Appellant's] show.

N.T., 2/2/18, at 3.

Accordingly, we conclude there was no effective waiver of Appellant's right to counsel at the SIP revocation proceedings, and thus, we vacate the February 2, 2018, judgment of sentence and remand for further proceedings.[6]

Judgment of Sentence Vacated; Case Remanded; Jurisdiction Relinquished.

---

[5] Our Supreme Court has held that the presence of standby counsel does not relieve the trial court of its duty to determine whether the appellant has knowingly, voluntarily, and intelligently waived his right to counsel and proceed *pro se*.  **Commonwealth v. Brazil**, 549 Pa. 321, 701 A.2d 216 (1997).

[6] Since we are vacating Appellant's judgment of sentence and remanding for a new SIP revocation hearing based on the failure of the trial court to obtain a knowing and intelligent waiver of Appellant's right to counsel, we do not reach Appellant's remaining issue, *i.e.*, whether the trial court abused its discretion in fashioning Appellant's sentence following the revocation of his SIP sentence.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2018