701 A.2d 216

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Brian BRAZIL, Appellant.**

Supreme Court of Pennsylvania.

Argued April 30, 1997.

Decided Sept. 22, 1997.

Raymond D. Roberts, Pittsburgh, for Brian Brazil.

Mary McNeil Killinger, Hollie John, Norristown, for the Commonwealth.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

*OPINION*

NIGRO, Justice.

Appellant Brian Brazil appeals from the Superior Court's affirmance of his conviction for criminal conspiracy, assault by a prisoner, and simple assault. For the reasons presented herein, we reverse.

Appellant Brazil was an inmate at the State Correctional Institute at Graterford. On the evening of July 17, 1994, all the inmates were told to return to their cells for a cell check. Appellant suspected that the guards were going to search the cell he shared with co-defendant Anthony Allen, so he told Allen that they had to be ready when the guards came. Appellant then put six "D" batteries into a pillow case and handed it to Allen. When the guards arrived at the cell, they informed Appellant that they were simply conducting a rou-

tine linen check. Appellant then left the cell peacefully, but Allen refused to cooperate. He struck a guard two or three times on the head with the filled pillow case.

Appellant and Allen were charged with conspiracy, assault by a prisoner, aggravated assault, and simple assault. Appellant was represented by a public defender at two preliminary hearings. At trial, however, he stated that he did not want to be represented by a public defender. In response, and without conducting a waiver of counsel colloquy, the trial judge placed Appellant's defender on "standby" status, and Appellant represented himself.[1]

After trial, the jury convicted Appellant on the conspiracy, assault by a prisoner, and simple assault charges.[2] No post-trial motions were filed. On appeal, the Superior Court affirmed. This Court then granted allocatur to determine whether the Superior Court erred in holding that the totality of the circumstances regarding Appellant's representation at trial obviated the requirement of a waiver of counsel colloquy. Upon due consideration, we conclude that the Superior Court did err and we therefore reverse.

At the outset of trial, immediately after the judge entered the courtroom, the following exchange occurred.

THE COURT: Are they going to be represented or not?

DEFENDANT BRAZIL: I don't want to be represented by no attorney from the Public Defender's Office.

CO-DEFENDANT ALLEN: Same thing.

THE COURT: You are dismissing your attorneys?

---

**1.** Appellant gave no opening statement to the jury. See N.T., 7/20/95, at 10. He spoke briefly with standby counsel at only three points in the trial: twice during the cross-examination of Correctional Officer Anthony Calloway, and once during the cross-examination of the assault victim, Correctional Officer Martin Earhart, Sr. See id. at 54, 55, 83. Standby counsel presented a closing argument to the jury and discussed with the trial court the proposed jury instructions.

**2.** Appellant was sentenced to 25 to 60 months in prison for the assault by a prisoner conviction, to be served consecutively to the sentence he was already serving. On the conspiracy charge, he was given a concurrent term of 4 to 24 months in prison. For sentencing purposes, the simple assault conviction merged with the assault by a prisoner conviction.

DEFENDANT BRAZIL: Yes, sir.

CO-DEFENDANT ALLEN: Yes, sir.

THE COURT: All right, gentlemen, have a seat back there, and if you need them you can call upon them. Otherwise, you will represent yourself.

(Respective attorneys moved to the first row in the courtroom behind the defendants.)

THE COURT: Bring in the jury.

N.T., 7/20/95, at 5–6.

This brief discussion represents the sum total of the trial court's inquiry into Appellant's understanding of his right to counsel and of the consequences of waiving that right. Despite this, the Superior Court found that "[u]nder a totality of the circumstances, . . . [Appellant] was adequately represented at trial, and, thus, the colloquy performed by the trial court was not inadequate." Superior Ct. Op. at 5.

We disagree. Pennsylvania Rule of Criminal Procedure 318 states, in pertinent part:

**(c) Proceedings Before a Judge.** When the defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary and intelligent waiver of counsel.

**(d) Standby Counsel.** When the defendant's waiver of counsel is accepted, standby counsel may be appointed for the defendant. Standby counsel shall attend the proceedings and shall be available to the defendant for consultation and advice.

Pa. R.Crim. P. 318(c), (d). Moreover, in *Commonwealth v. Tyler*, 468 Pa. 193, 198, 360 A.2d 617, 620 (1976), this Court stated that

[w]hile an accused may waive his constitutional right [to counsel], such a waiver must be the 'free and unconstrained choice of its maker[,]' *Culombe v. Connecticut*, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961), and also must be made knowingly and intelligently, *Johnson v. Zerbst*, 304 U.S. 458,

58 S.Ct. 1019, 82 L.Ed. 1461 (1938). To be a knowing and intelligent waiver defendant must be aware of both the right and of the risks of forfeiting that right. *See Commonwealth v. Barnette,* 445 Pa. 288, 285 A.2d 141 (1971)....

■ Accordingly, "a trial judge must thoroughly inquire on the record into an accused's appreciation of the right to effective assistance of counsel and to represent oneself at trial...." *Commonwealth v. Monica,* 528 Pa. 266, 274, 597 A.2d 600, 603 (1991). "The record must show ... that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Id.* at 273, 597 A.2d at 603.

■ We believe it is clear that the above-quoted exchange between Appellant and the trial court fell far short of these requirements. The lower court simply failed to elicit any information indicating that Appellant's desire to waive his right to counsel was knowing and intelligent.

In support of its conclusion that Appellant's colloquy was "not inadequate," the Superior Court cited its decision in *Commonwealth v. Lloyd,* 370 Pa.Super. 65, 535 A.2d 1152 (1988), wherein the court stated: "where, as here, standby counsel was available to confer with the accused, no need exists to review the colloquy for completeness by the same standards of a full waiver colloquy." *Lloyd,* 370 Pa.Super. at 86, 535 A.2d at 1163.

■ We disagree with this statement. As the plain language of Rule 318(c) makes clear, when a defendant seeks to waive the right to counsel, the trial court is required to conduct, on the record, a full and complete waiver colloquy to determine whether the defendant's waiver is knowing, voluntary, and intelligent. The provision in Rule 318(d) for the appointment of standby counsel does not eliminate or alter this requirement. Whether standby counsel is ultimately appointed or not, and irrespective of the quality of representation achieved at trial, when a defendant indicates a desire to waive his right to counsel, a full waiver colloquy must be conducted. *See* Pa. R.Crim. P. 318(c), (d); *Monica; Tyler.*

It being apparent that no such colloquy occurred in the instant case, we reverse and remand for a new trial. Jurisdiction relinquished.

CASTILLE, J., files a dissenting opinion in which NEWMAN, J., joins.

CASTILLE, Justice, dissenting.

The majority holds that appellant, who had the benefit of court appointed standby counsel's assistance during trial, is entitled to a new trial because he was denied adequate representation of counsel when the trial court failed to conduct an extensive colloquy which complied with Rule 318 of the Pennsylvania Rules of Criminal Procedure in order to determine if appellant's waiver of his right to counsel was knowing, voluntary and intelligent. Because the trial court appointed standby counsel to assist appellant at trial and the assistance which appellant received from his standby counsel during trial was tantamount to being represented by counsel, I believe that the trial court's colloquy in this case was sufficient to protect appellant's Sixth Amendment right to counsel. Therefore, I respectfully dissent.

A criminal defendant has a constitutional right to dispense with counsel and defend himself as long as the choice was made knowingly, voluntarily and intelligently. *Commonwealth v. Starr*, 541 Pa. 564, 580–81, 664 A.2d 1326, 1334–34 (1995). As correctly noted by the majority, Rule 318 of the Rules of Criminal Procedure provides for a judge to determine on the record if the criminal defendant's waiver of counsel was knowing, voluntary and intelligent. Rule 318 also allows the trial court to appoint standby counsel to assist the criminal defendant during the trial.

The majority here espouses a bright line rule of law which requires the trial court to conduct an extensive colloquy on the record every time a criminal defendant indicates that he is waiving his right to counsel.[1] Under the majority's rule, a

1. An extensive colloquy which this Court noted in *Starr* for use in determining whether a criminal defendant properly understood his waiver of his right to counsel inquires into whether or not:

criminal defendant must be granted a new trial when the trial court fails to conduct an extensive colloquy because it allegedly makes it impossible to determine if the criminal defendant's waiver was knowing, voluntary and intelligent. While this bright line rule may be necessary where the criminal defendant waives his right to counsel and no standby counsel is appointed, I cannot agree that such an extensive colloquy is warranted where, as here, standby counsel is appointed and is available to protect the criminal defendant's interest. Instead, I believe that the situation presented by this case must be analyzed under a totality of the circumstances test. *Commonwealth v. Lloyd*, 370 Pa.Super. 65, 535 A.2d 1152, *appeal denied*, 518 Pa. 637, 542 A.2d 1367 (1988) (where defendant had standby counsel available to confer with during trial, totality of circumstances dictated that there was not the need to review the waiver of counsel colloquy for completeness under the same standards of a full waiver colloquy). As the United States Supreme Court stated:

> [T]he determination of whether there has been an intelligent waiver of the right to Counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

*Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

It is clear from the record in this case that the trial court did not conduct an extensive six prong colloquy of defendant

(1) the defendant understands that he has a right to be represented by counsel, and the right to have free counsel appointed if he is indigent; (2) the defendant understands the nature of the charges against him and the elements of each of those charges; (3) the defendant is aware of the permissible range of sentences and/or fines for the offenses charged; (4) the defendant understands that if he waives his right to counsel he will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules; (5) defendant understands that there are possible defenses to these charges which counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and, (6) the defendant understands that, in addition to the defenses, the defendant has many rights that, if not timely asserted, may be lost permanently. *Starr*, 541 Pa. at 582, 664 A.2d at 1335.

like that noted in *Starr*. However, the evidence in this case demonstrates that appellant was represented by an assistant public defender at two pre-trial proceedings. One of these pre-trial proceedings was an October 14, 1994, *habeas corpus* hearing. The other pre-trial proceeding was the July 19, 1995 hearing on pre-trial motions concerning the suppression of evidence, the severance of his trial from his co-defendant and a Rule 1100 violation.[2] Also, the evidence demonstrates that the same assistant public defender who represented appellant at the pre-trial hearings was present and acted as counsel during the jury venire process. It was only after the jury was chosen that appellant made his wishes known to the trial court that he did not want to be represented by the assistant public defender. After being told of this, the trial court granted appellant's wish to dismiss his attorney and the trial court informed appellant that the same assistant public defender was going to remain in the courtroom as standby counsel so that appellant could consult with standby counsel any time he desired.

Appellant apparently understood the ramifications of this colloquy and the availability of assistance from the court appointed standby counsel since the record demonstrates that appellant availed himself of standby counsel's assistance throughout trial. In particular, appellant conferred with his standby counsel on three occasions during appellant's cross-examination of the Commonwealth's witnesses. (N.T. 7/20/95 at pp. 54, 55, 83). Standby counsel also reported to the trial court that while he was outside the courtroom during a break, he observed one of the Commonwealth's witnesses who just completed testifying discussing his testimony with a Commonwealth witness who had yet to take the stand. Also, following the close of the testimony, appellant requested the trial court to permit standby counsel to make closing argument on his behalf. After the trial court approved the request, standby counsel gave a closing argument in which he discussed the elements of each crime of which appellant was charged and

2. All of appellant's pre-trial motions were denied and are not the subject of this appeal.

where appropriate, pointed out why the Commonwealth failed to prove a particular element. Moreover, prior to the jury charge, standby counsel made a motion for judgment of acquittal.[3] Furthermore, standby counsel also requested that the trial court instruct the jury on the theories of abandonment and renunciation of a conspiracy as well as accomplice liability since the evidence suggested that appellant may have terminated his role in the conspiracy prior to the commission of certain offenses.[4]

Moreover, when a totality of the circumstances test is applied to the facts of this case, it becomes apparent that appellant should not receive a new trial because he fails to demonstrate that he was prejudiced by the trial court's failure to conduct a more extensive colloquy. Here, appellant alleges he was prejudiced from the failure to receive a more extensive colloquy because he did not request that Commonwealth witnesses be sequestered and he failed to more thoroughly cross-examine Commonwealth witnesses. However, the record shows that the Commonwealth voluntarily sequestered its witnesses. Also, appellant fails to explain how a more thorough cross-examination of the Commonwealth witnesses would have revealed new evidence which would have changed the verdict since the facts, as recounted by the majority, were straightforward and do not appear to be in dispute. Thus, I believe that the record does not demonstrate that appellant suffered prejudice from the trial court's colloquy in this case.

Based on the above, the record demonstrates that appellant effectively was represented by counsel throughout the entire process, including his trial. I believe it is a great disservice to the interests of justice for the majority to permit appellant to refuse representation at trial and now prevail on appeal because of the allegation that he was denied adequate representation even though the record shows that appellant obtained the benefit of standby counsel's legal advice and legal

3. The trial court denied this motion and this issue is not subject to this appeal.

4. The trial court denied standby counsel's request for these jury charges and this Court denied *allocatur* on this claim.

arguments throughout his trial as well as the fact that appellant cannot demonstrate any prejudice from the trial court's failure to conduct a more thorough colloquy. Thus, under a totality of the circumstances analysis, I believe that appellant was more than adequately represented by counsel during trial and hence, the trial court's colloquy was sufficient. Therefore, I would affirm the order of the Superior Court which affirmed the trial court's judgment of sentence. Accordingly, I must dissent.

NEWMAN, J., joins this Dissenting Opinion.