2020 PA Super 287

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES FLOYD | : | |
| | : | |
| Appellant | : | No. 84 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 21, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001694-2012,
CP-22-CR-0002833-2018

BEFORE: BOWES, J., LAZARUS, J., and DUBOW, J.

OPINION BY DUBOW, J.: **FILED DECEMBER 16, 2020**

Appellant, Charles Floyd, has appealed from two Judgments of Sentence entered in the Dauphin County Court of Common Pleas, one entered after Appellant entered a negotiated guilty plea to Possession with Intent to Deliver ("PWID"), Criminal Use of a Communication Facility, and Possession of Drug Paraphernalia,[1] and the other entered following the consequent revocation of Appellant's sentence of intermediate punishment ("IP") imposed for a prior conviction.[2] On January 4, 2019, Appellant timely filed one Notice of Appeal

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 7512(a), and 35 P.S. § 780-113(a)(32), respectively.

[2] On February 19, 2013, Appellant pleaded guilty to felony drug charges at Docket Number 1694-2012 and received a three-year sentence of county IP. Subsequently, following Appellant's 2014 conviction in an unrelated matter, the court revoked Appellant's IP sentence and imposed a new two-year IP sentence.

listing both lower court docket numbers. We conclude that because the trial court did not inform Appellant of his appellate rights as required by our rules of criminal procedure, a breakdown in the operation of the court as discussed in **Commonwealth v. Larkin**, ___ A.3d ___, 2020 PA Super 163, at *3 (Pa. Super. filed July 9, 2020) (*en banc*) occurred. Thus, we decline to quash this appeal based on **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018).

Additionally, with this appeal, Appellant's counsel, James J. Karl, Esquire, seeks to withdraw from representing Appellant pursuant to **Anders**.[3] Following our review of the record, we conclude that the trial court committed reversible error by failing to provide appropriate waiver-of-counsel colloquies before allowing Appellant to proceed *pro se* at each critical stage of the proceeding. Accordingly, we vacate Appellant's guilty plea, vacate Appellant's Judgments of Sentence, deny counsel's Application for Leave to Withdraw as Counsel, and remand for further proceedings.[4]

The relevant facts and procedural history, as gleaned from the certified record, are as follows. On April 9, 2018, the Commonwealth charged Appellant with the above offenses at Docket Number 2833-2018.[5] Initially,

---

[3] **Anders v. California**, 386 U.S. 738 (1967).

[4] On September 4, 2020, Appellant filed a *pro se* "Motion to Dismiss Attorney James Karl." In light of our disposition, we deny Appellant's Motion without prejudice to seek relief in the trial court.

[5] The filing of these charges engendered the commencement of revocation proceedings at Docket Number 1694-2012.

Gregory Mills, Esquire, an assistant public defender, represented Appellant. However, after the preliminary hearing, Appellant began filing *pro se* motions, including a Motion to Suppress and a Petition for Writ of *Habeas Corpus*. Appellant also requested that the court permit him to "terminate" Attorney Mills's representation of him.

On August 28, 2018, the trial court held a status conference to ascertain whether Appellant wished to waive his right to counsel. After the court conducted an abbreviated colloquy, Appellant stated that he would represent himself.[6] The court thereafter permitted Attorney Mills to withdraw as counsel, and permitted Appellant to proceed *pro se* with Attorney Mills as standby counsel.

On September 5, 2018, the trial court held a hearing on Appellant's Suppression Motion and *Habeas Corpus* Petition at which Appellant represented himself *pro se*, with Attorney Mills serving as standby counsel. The court did not conduct a waiver-of-counsel colloquy at the hearing. Following the hearing, the court denied Appellant's Motion and his Petition.

On December 12, 2018, Appellant appeared *pro se*, with Attorney Mills as standby counsel, and entered guilty pleas to the above charges pursuant

---

[6] The court asked Appellant if he intended to represent himself, informed Appellant that a PWID conviction carried with it a sentence of 15 to 20 years' incarceration, and explained to Appellant that self-representation conferred upon him the responsibility to make all decisions in the case. N.T., 8/28/18, at 5-8.

to the terms of a negotiated agreement. The trial court did not conduct a waiver of counsel colloquy prior to accepting the guilty plea.

On December 21, 2018, Appellant appeared for sentencing. Although the court again neglected to conduct a waiver of counsel colloquy, Appellant represented himself with Hillary Hall, Esquire, an assistant public defender, serving as standby counsel. The trial court sentenced Appellant, at Docket Number 2833-2018, to a negotiated sentence of two concurrent terms of 6 to 23 months' incarceration and costs and fines. At the same hearing, the court revoked Appellant's IP sentence at Docket Number 1694-2012, and imposed an 8- to 23-month' sentence of incarceration, concurrent to the 6- to 23-month sentence imposed at Docket Number 2833-2018.

Relevant to the issues in this appeal, after imposing Appellant's sentence, the court failed to inform Appellant of his appellate rights and failed to ascertain from stand-by counsel if Appellant was aware of his appellate rights. On January 4, 2019, Appellant timely filed one Notice of Appeal listing both lower court docket numbers.

On February 13, 2019, Appellant *pro se* filed a court-ordered Pa.R.A.P. 1925(b) Statement. On February 29, 2019, the trial court appointed Attorney Karl to represent Appellant and directed counsel to file a Rule 1925(b) Statement. On March 20, 2019, Attorney Karl filed a Statement of Intent to File ***Anders***/***McClendon*** Brief in Lieu of Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(c)(4). The trial court did not file a responsive Pa.R.A.P. 1925(a) Opinion.

On March 26, 2019, this Court issued a Rule to Show Cause why we should not quash Appellant's appeal in light of **Walker**, 185 A.3d at 977 (stating that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." (citing Pa.R.A.P. 341)). Appellant filed a Response noting, *inter alia*, the trial court's failure to advise Appellant of his appellate rights. On April 29, 2019, this Court issued an Order discharging the Rule to Show Cause and deferring the issue to the merits panel.

### *Walker* Issue

As noted above, Appellant has appealed from two Judgments of Sentence but filed only one Notice of Appeal. At first blush, this appears to be a clear violation of **Walker**'s prohibition of this practice, requiring quashal of this appeal.

However, as noted above, we conclude that quashal is unnecessary in light of this Court's recent decision in **Larkin**, 2020 PA Super 163 at *3. In **Larkin**, the PCRA court entered an order dismissing the defendant's PCRA petition, in which the defendant had sought PCRA relief relating to more than one docket. *Id.* at *2. The PCRA court's dismissal order informed the defendant that he had thirty days from the date of the order "to file **an** appeal." *Id.* at *3 (emphasis in original). The defendant timely filed a notice of appeal listing both of his criminal docket numbers. We declined to quash the appeal on the ground that the order's reference to "an appeal" misled the

defendant into filing a single notice of appeal, thus constituting a breakdown in the court's operation. ***Id.*** (citing ***Commonwealth v. Stansbury***, 219 A.3d 157, 159-60 (Pa. Super. 2019) (noting that "we have many times declined to quash a[ defective] appeal when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the trial court" and holding that this Court can overlook such defects because the purveyance of misinformation by the court constitutes a breakdown in the court's operations)).

Here, Appellant's failure to file separate Notices of Appeal resulted not from the purveyance of misinformation but rather from the trial court's total neglect in informing Appellant in the first instance of his appellate rights. The Pennsylvania Rules of Criminal Procedure require the trial court, at the time of sentencing, to "determine on the record that the defendant has been advised of . . . the right to . . . appeal[.]" Pa.R.Crim.P. 704(C)(3)(a). ***See also*** Pa.R.Crim.P 708(D)(3)(a) (When the court has determined that the defendant has violated his probation or parole, "[t]he judge shall advise the defendant on the record . . . of the right to . . . appeal[.]").

Instantly, the trial court did not advise Appellant of his appellate rights after imposing sentence or determine on the record that Appellant had been advised of his appellate rights. Subsequently, Appellant filed one Notice of Appeal listing both trial court docket numbers. We conclude that the trial court's failure to inform Appellant of his appellate rights as required by the Rules of Criminal Procedure constitutes a breakdown in the operation of the

court. Accordingly, pursuant to the holding in **Larkin**, we decline to quash Appellant's appeal.

**Appellate Issues**

On August 1, 2019, Attorney Karl filed Application for Leave to Withdraw as Counsel and an **Anders** Brief raising numerous issues, which counsel asserted lack merit.[7] However, counsel also raised, analyzed, and provided advocacy in support of, two meritorious issues pertaining to the adequacy of the trial court's waiver-of-counsel colloquy at Appellant's August 28, 2018 hearing and the court's failure to conduct a waiver-of-counsel colloquy at all subsequent proceedings including Appellant's revocation hearing. **See Anders** Brief at 18-22, 26-29. Neither Appellant nor the Commonwealth filed a Response addressing any of the issues raised in counsel's **Anders** Brief.

Because counsel has provided advocacy in support of two issues of arguable merit, we address those issues first.

---

[7] The **Anders** Brief contained issues pertaining to: (1) the denial of Appellant's *Habeas Corpus* Petition; (2) the denial of Appellant's suppression Motion, (3) the validity of Appellant's guilty plea; (4) the validity of a March 20, 2015 revocation hearing arising from Appellant's guilty plea at Docket Number 1859-2014; (5) the one-month delay in the court filing Appellant's revocation detainer; (6) the validity of the December 21, 2018 revocation proceeding; and (7) whether Appellant was serving a sentence when he committed a new criminal offense on April 9, 2018.

**Waiver of Counsel Colloquy**

Appellant asserts that his August 28, 2018 waiver-of-counsel colloquy was inadequate and that the court failed to colloquy him at all subsequent proceedings, including any of the proceedings revoking his IP.[8] *Id*.

When a defendant seeks to waive the right to counsel, the trial court must conduct on the record a full and complete waiver colloquy to determine whether the defendant's waiver is knowing, voluntary, and intelligent. *Commonwealth v. Brazil*, 701 A.2d 216, 219 (Pa. 1997). *See Commonwealth v. Johnson*, 158 A.3d 117, 122 (Pa. Super. 2017) (stating that the court must conduct a "thorough inquiry into the accused's appreciation of both [the right to counsel and the right to represent oneself] . . . **at trial, guilty plea hearings, sentencing, and every 'critical stage' of a criminal proceeding**." (citation omitted)).

Pennsylvania Rule of Criminal Procedure 121 outlines the requirements for a valid waiver-of-counsel colloquy. It states, in pertinent part:

> [T]he judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

_____

[8] Appellant proceeded *pro se* at: (1) the joint hearing on his *habeas corpus* and suppression motions at Docket Number 2833-2018; (2) the guilty plea at Docket Number 2833-2018; (3) the sentencing hearing at Docket Number 2833-2018; (4) the revocation hearing at Docket Number 1694-2012; and (5) the sentencing hearing at Docket Number 1694-2012. The court held Appellant's revocation and sentencing hearings at the same time.

(a) that the defendant understands that he . . . has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he . . . waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2). A court's failure to conduct a valid colloquy before allowing a defendant to proceed *pro se* constitutes reversible error. ***Commonwealth v. Murphy***, 214 A.3d 675, 678 (Pa. Super. 2019). ***See also Commonwealth v. Payson***, 723 A.2d 695, 699–700 (Pa. Super. 1999) (deprivation of the right to counsel, or the right to waive counsel, can never be harmless). Additionally, where the court fails to conduct a waiver of counsel colloquy, a defendant's alleged waiver of counsel is ineffective, even if the court has appointed standby counsel. ***Brazil***, 701 A.2d at 219.

Our review of the Notes of Testimony from Appellant's August 28, 2018, status conference indicates that although the trial court conducted a

perfunctory waiver-of-counsel colloquy, the colloquy was deficient in that the court did not advise Appellant of the elements of the charged offenses and the range of sentences or and/or fines for each. ***See*** N.T., 8/28/18, at 5-8. In addition, our review reveals that the trial court did not perform any waiver-of-counsel colloquies at the subsequent hearings on Appellant's suppression and *habeas corpus* motions, guilty plea, revocation of his probation, or at sentencing.

Based on this record and the above case law, we conclude that the trial court committed reversible error on August 28, 2018, and at each subsequent proceeding, by allowing Appellant to proceed under his own representation without first conducting thorough on-the-record colloquies to determine whether Appellant understood the consequence of proceeding *pro se* and knowingly, voluntarily, and intelligently waived his right to counsel. Accordingly, we are constrained to vacate Appellant's guilty plea and his Judgments of Sentence.[9]

Guilty plea vacated. Judgments of Sentence vacated. Counsel's Petition to Withdraw as Counsel denied. Appellant's "Motion to Dismiss Attorney James Karl" denied without prejudice. Case remanded. Jurisdiction relinquished.

Judge Lazarus joins the Opinion.

Judge Bowes files a Dissenting Opinion.

---

[9] In light of our disposition, we need not address the remaining issues presented in the ***Anders*** Brief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/16/2020</u>