J-S32006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN MICHAEL DOUGLASS | : | |
| | : | |
| Appellant | : | No. 1733 MDA 2022 |

Appeal from the Judgment of Sentence Entered November 21, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003160-2021

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:　　　　　　**FILED: SEPTEMBER 22, 2023**

Appellant, Jonathan Michael Douglass, appeals from the November 21, 2022 Judgment of Sentence entered in the York County Court of Common Pleas following his conviction of numerous offenses, including DUI.  Appellant asserts that his waiver of counsel prior to his DUI bench trial was not knowing, intelligent, and voluntary because the court's colloquy was incomplete.  After careful review, we conclude that the trial court committed reversible error by failing to comply with Pa.R.Crim.P. 121, pertaining to the waiver of trial counsel.  Therefore, we vacate Appellant's Judgment of Sentence and remand for a new trial on the DUI offenses.

The relevant facts and procedural history are, briefly, as follows.  Following a June 14, 2021 traffic stop, the Commonwealth charged Appellant with DUI and drug possession offenses.  The trial court bifurcated the DUI and possession charges, and, on July 21, 2022, Appellant appeared for a bench

trial on the DUI charges. At the commencement of trial, Appellant indicated that he wished to proceed *pro se*. N.T. Trial, 7/21/22, at 8. The court subsequently conducted a waiver of counsel colloquy, which it limited to an inquiry into Appellant's understanding of his right to representation by counsel and his obligation to follow all evidentiary and procedural rules. *Id.* at 8-9. The court also explained that Appellant had the right not to testify. *Id.* at 9. After determining that Appellant's waiver of counsel was knowing, intelligent, and voluntary, the court permitted him to proceed *pro se* and appointed Anthony E. Miley, Esquire, standby counsel. *Id.* at 8-9.

Appellant acted as his own counsel through the presentation of the Commonwealth's first two witnesses—the eyewitness who had reported Appellant's erratic driving to the police and the responding officer, Springettsbury Township Police Officer Adam Farnsler. At the close of Officer Farnsler's testimony, the court took a brief recess. Upon returning from the recess, Attorney Miley indicated that Appellant wished to have Attorney Miley represent him for the remainder of the proceedings.

Following the trial, the court convicted Appellant of one count each of DUI: Alcohol or Controlled Substance, DUI: Controlled Substance—Schedule II or III, DUI: Controlled Substance—Schedule I, and DUI: Controlled

Substance—Metabolite.[1]  The trial court deferred sentencing until disposition of the drug possession charges.

On November 21, 2022, Appellant entered into a negotiated guilty plea to Use/Possession of Drug Paraphernalia and Possession of a Controlled Substance.[2]

That same day, the court sentenced Appellant for his drug possession convictions, pursuant to the negotiated plea, to an aggregate term of six to 12 months of incarceration followed by 12 months of probation.  The court also imposed a sentence of three days to six months of incarceration, a mandatory $1,000 fine, DUI conditions, and costs of prosecution for Appellant's DUI convictions.  The court ordered all sentences to run consecutively.  Appellant did not file a post-sentence motion.

This timely appeal followed.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Is [Appellant] entitled to a new trial where he proceeded *pro se* for the bulk of his trial after he was allowed to waive counsel without the colloquy required under Pa.R.Crim.P. 121 and the lower court agrees it violated Rule 121?

---

[1] 75 Pa.C.S. §§ 3802(d)(2), 3802(d)(1)(ii), 3802(d)(1)(i), 3802(d)(1)(iii), respectively.  The court acquitted Appellant of Possession of a Small Amount of Marijuana for Personal Use, 35 P.S. § 780-113(a)(31)(i).

[2] 35 P.S. §§ 780-113(a)(32) and 780-113(a)(16), respectively.

Appellant's Brief at 4.[3]

Appellant argues that the trial court committed reversible error when it failed to conduct a thorough and complete waiver of counsel colloquy before permitting him to proceed *pro se* through most of his DUI bench trial. **Id.** at 10-16. The trial court agrees. **See** Trial Ct. Op., 2/16/23, at 8-9.

The right to counsel and the corresponding right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section Nine of the Pennsylvania Constitution. **Commonwealth v. Payson**, 723 A.2d 695, 699 (Pa. Super. 1999). As our Supreme Court has made clear:

> [i]t is . . . firmly established that an accused has a constitutional right to counsel during trial. While an accused may waive his constitutional right, such a waiver must be the free and unconstrained choice of its maker, and also must be made knowingly and intelligently. To be a knowing and intelligent waiver defendant must be aware of both the right and of the risks of forfeiting that right.

**Commonwealth v. Tyler**, 360 A.2d 617, 620 (Pa. 1976) (citations and quotation marks omitted); **Payson**, 723 A.2d at 700. Deprivation of the right to counsel, or the right to waive counsel, can never be harmless. **Payson**, 723 A.2d at 699–700. Moreover,

> the presumption must always be against the waiver of a constitutional right. Nor can waiver be presumed where the record is silent. The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything

---

[3] Appellant has not challenged the judgment of sentence imposed for his drug possession convictions following his guilty plea to those charges.

less is not waiver. . . . [T]his court is constitutionally bound to place the burden of proving waiver on the Commonwealth.

***Commonwealth v. Monica***, 597 A.2d 600, 603 (Pa. 1991).

When a defendant seeks to waive the right to counsel, the trial court must conduct on the record a full and complete waiver colloquy to determine whether the defendant's waiver is knowing, voluntary, and intelligent. ***Commonwealth v. Brazil***, 701 A.2d 216, 219 (Pa. 1997). ***See Commonwealth v. Johnson***, 158 A.3d 117, 122 (Pa. Super. 2017) (stating that the court must conduct a "thorough inquiry into the accused's appreciation of both [the right to counsel and the right to represent oneself] . . . at trial, guilty plea hearings, sentencing, and every 'critical stage' of a criminal proceeding.") (citation omitted).  The appointment of standby counsel does not alter this requirement.  ***Brazil***, 701 A.2d at 219.

Pennsylvania Rule of Criminal Procedure 121 outlines the requirements for a valid waiver-of-counsel colloquy.  It states, in pertinent part:

> [T]he judge or issuing authority, at a minimum, shall elicit the following information from the defendant:
>
>> (a) that the defendant understands that he . . . has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
>>
>> (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
>>
>> (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
>>
>> (d) that the defendant understands that if he . . . waives the right to counsel, the defendant will still be bound by all the

normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2). A court's failure to conduct a valid colloquy before allowing a defendant to proceed *pro se* constitutes reversible error. ***Commonwealth v. Murphy***, 214 A.3d 675, 678 (Pa. Super. 2019); ***Johnson***, 158 A.3d at 122.

As the trial court acknowledges, the on-the-record-colloquy regarding Appellant's waiver of his right to counsel falls short of the requirements set forth in Rule 121. Our review confirms that the court failed to elicit from Appellant, *inter alia*, whether he understood the nature of the charges against him, the permissible range of sentences, that there are possible defenses to the charges, and the rights he may lose if not timely asserted by him. We, therefore, conclude that the trial court committed reversible error in allowing Appellant to proceed *pro se* without conducting a valid on-the-record colloquy to determine whether his waiver of counsel was knowing, intelligent, and voluntary.

Accordingly, we vacate Appellant's judgment of sentence imposed on his DUI convictions and remand for the appointment of counsel or a full waiver

colloquy, and a new trial. **_See Payson_**, 723 A.2d at 705 (vacating and remanding for a new trial where trial court failed to conduct valid waiver of counsel colloquy prior to defendant's guilty plea).

Judgment of sentence for DUI vacated. Case remanded for a new trial on the charged DUI offenses. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2023