J-A20009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHNNY COLLINS | : | |
| | : | |
| Appellant | : | No. 1712 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 20, 2022
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002371-2021

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **NOVEMBER 13, 2023**

Johnny Collins appeals from the judgment of sentence entered in the Dauphin County Court of Common pleas on October 20, 2022, following his conviction of possession with intent to deliver crack cocaine, criminal conspiracy to sell crack cocaine, and possession of drug paraphernalia. We are bound to agree with Collins that his waiver of counsel colloquy was invalid. We therefore vacate his judgment of sentence and remand for a new trial.

The Commonwealth alleged that while serving a search warrant, police found Collins and Marvette Anderson in a residence where four ounces of crack cocaine and a digital scale were present. Based on these allegations, the Commonwealth charged Collins with possession of crack cocaine with intent

_____

[*] Former Justice specially assigned to the Superior Court.

to deliver, conspiracy with Anderson to sell crack cocaine, and possession of drug paraphernalia in the form of the digital scale.

Hillary Hall, Esquire, of the Dauphin County public defender's office initially entered her appearance on behalf of Collins. A month and a half later, Collins filed a petition to proceed *pro se*, which was forwarded to Attorney Hall as counsel of record. A few months after that filing, Collins sent a hand-written letter to the clerk of courts, requesting that Attorney Hall not be permitted access to any documentation related to his case. Attorney Hall subsequently filed a motion to withdraw as counsel. Collins then filed a "Motion for Effective Assistance of Counsel".

On January 28, 2022, a hearing was held on Attorney Hall's motion to withdraw. Regarding whether or not Collins intended to proceed *pro se*, the court questioned Collins as follows:

> THE COURT: Mr. Collins, it's your desire to no longer have Ms. Hall as your lawyer. Is that correct, sir?
>
> [COLLINS]: Yeah.
>
> THE COURT: Did you want to proceed representing yourself?
>
> [COLLINS]: Well, I'm -- it was -- this is the case, man, I'm --
>
> …
>
> I'm under the impression, period, that as she said, she had filed a Grazier hearing motion when I was at a video with Judge Lewis. Now, the problem is we're not seein' eye to eye basically on the simplest case that it could be.

N.T., 1/28/2022, at 3. After detailing his issues with Attorney Hall allegedly not investigating his case properly, Collins concluded "[s]o if I'm being forced to represent myself pro se, then I'm gonna get more done myself." *Id*. at 4. The court then stated on the record it was granting Attorney Hall's motion to withdraw. *See id*.

However, no written order was docketed granting the petition to withdraw. *See e.g.*, Letter to Attorney Hall, 2/7/2022 (forward pro se filing to Attorney Hall as counsel of record); *see also* Praecipe to Withdraw Appearance, filed 2/9/2022 (indicating that trial court had granted Attorney Hall permission to withdraw orally on 1/28/2022). Even after Attorney Hall filed a praecipe to withdraw based on the oral statement by the court, no subsequent order was entered withdrawing Attorney Hall's appearance. Rather, on March 25, 2022, the court entered an order appointing Attorney Hall as standby counsel.

On August 16-17, 2022, a two-day jury trial was held, during which Collins represented himself *pro se*. No waiver of counsel colloquy was conducted prior to the start of trial. During trial, the issue of whether or not Collins needed to be re-colloquied was discussed. However, it was quickly decided that any prior colloquy had been sufficient. *See* N.T., Jury Trial, 8/17/2022, at 129. Following trial, the jury found Collins guilty of all charges. Sentencing was deferred for preparation of a presentence investigation report.

On October 20, 2022, Collins appeared for sentencing. Attorney Hall was again present as standby counsel. Collins was not questioned regarding whether or not he wished to remain *pro se* for sentencing. The trial court sentenced Collins to an aggregate term of nine to eighteen years' imprisonment. After the assistant district attorney explained Collins's post-sentencing and appellate rights, the court asked Collins if he wanted the public defender's office to handle an appeal or if he wished to continue to represent himself. **See** N.T., Sentencing, 10/20/2022, at 6-7. Collins stated he wanted a public defender to handle it. **See id**. at 7.

Collins filed a counseled post-sentence motion, in which he challenged the validity of his waiver of counsel. The trial court denied the motion. This timely appeal followed.

On appeal, Collins argues the trial court erred in finding he waived his right to counsel, when the court failed to effectuate a knowing and intelligent waiver of the right to counsel, pursuant to Pa.R.Crim.P. 121. In its opinion on appeal, the trial court concedes that Collins never received a proper colloquy to allow him to knowingly waive his right to counsel. **See** Trial Court Opinion, 2/10/23, at 5. After our independent review of the record, we agree with the trial court that Collins is entitled to relief.

When a defendant seeks to waive the right to counsel, the trial court must conduct on the record a full and complete waiver colloquy to determine

- 4 -

whether the defendant's waiver is knowing, voluntary, and intelligent. ***See***

***Commonwealth v. Brazil***, 701 A.2d 216, 219 (Pa. 1997).

Pennsylvania Rule of Criminal Procedure 121 outlines the requirements

for a valid waiver-of-counsel colloquy. It states, in pertinent part:

> (2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:
>
> > (a) that the defendant understands that he ... has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
> >
> > (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
> >
> > (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
> >
> > (d) that the defendant understands that if he ... waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
> >
> > (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and
> >
> > (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2). A court's failure to conduct a valid colloquy before

allowing a defendant to proceed *pro se* constitutes reversible error. ***See***

*Commonwealth v. Murphy*, 214 A.3d 675, 678 (Pa. Super. 2019). Additionally, where the court fails to conduct a waiver of counsel colloquy, a defendant's alleged waiver of counsel is ineffective, even if the court has appointed standby counsel. *See Brazil*, 701 A.2d at 219.

Our review of the record indicates that a valid waiver of counsel colloquy never occurred in this matter. In addition, our review reveals the trial court did not perform any waiver-of-counsel colloquies at the subsequent hearings on Collins's suppression motion, habeas corpus motion, or motion to compel discovery.

During the voir dire hearing, the court asked Collins if he still desired to proceed *pro se*. *See* N.T., Voir Dire, 8/11/2022, at 2. Collins indicated it was still his wish to represent himself. *See id*. The court then asked Collins if he was aware of the charges against him, stated the maximum sentence for each offense charged. *See id*. at 2-3. Finally, the court asked Collins if he was aware of the facts being alleged, without actually stating any of the facts. *See id*. at 4. Collins responded affirmatively and the court immediately proceeded with the hearing. *See id*. No further waiver-of-counsel colloquy took place during the two-day jury trial or at sentencing.

The Commonwealth argues the colloquy on Collins's right to represent himself was "sufficient". Appellee's Brief, at 10. In doing so, the Commonwealth states that a colloquy is a "mere procedural device." *Id*. The Commonwealth finds the colloquy was sufficient because Collins "clearly

understood" his rights; did not waive any rights, defenses, or issues; waived his right to counsel through his conduct "as demonstrated through the entirety of the pretrial and trial proceedings"; and had extremely competent and experienced backup counsel who would not have let any rights or defenses lapse. *See id*. at 10-13.

These arguments would only be relevant under a totality of the circumstances analysis, which, as the Commonwealth concedes, is not the proper test for determining compliance with Rule 121. *See id*. at 9; *see also Brazil*, 701 A.2d at 218 (disavowing the totality of the circumstances analysis in a waiver-of-counsel analysis). Instead, the law in this area considers only compliance with the mandated procedures; an effective waiver of counsel must include a colloquy that contains an inquiry into the six areas listed in Rule 121, conducted on the record. Accordingly, while a waiver colloquy may be "mere procedural device" in other areas of the law, this is an incorrect statement of law regarding the proper waiver-of-counsel analysis in criminal proceedings. Our law is clear that the colloquy is required before a criminal defendant can knowingly, voluntarily, and intelligently waive his right to counsel. *See Commonwealth v. Clyburn*, 42 A.3d 296, 300-301 (Pa. Super. 2012) ("Failure to conduct a thorough, on-the-record colloquy before allowing a defendant to proceed to trial *pro se* constitutes reversible error." (citation omitted)).

We conclude the trial court committed reversible error on January 28, 2022, and at each subsequent proceeding, by allowing Collins to proceed under his own representation without first conducting thorough on-the-record colloquies to determine whether Collins understood the consequence of proceeding *pro se* and knowingly, voluntarily, and intelligently waived his right to counsel. Accordingly, we are constrained to vacate Collins's judgment of sentence and remand for a new trial.

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/13/2023