J-A26018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY ROBERT MARSH | : | |
| | : | |
| Appellant | : | No. 46 WDA 2025 |

Appeal from the Judgment of Sentence Entered May 9, 2024
In the Court of Common Pleas of Somerset County Criminal Division at
No(s):  CP-56-CR-0000434-2023

BEFORE:  OLSON, J., STABILE, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED: DECEMBER 29, 2025**

Appellant, Timothy Robert Marsh, appeals from the judgment of sentence entered May 9, 2024.  We affirm.

On or about July 8, 2023, the Commonwealth criminally charged Appellant with, *inter alia*, aggravated assault and simple assault.  Thereafter, Tiffany Stanley, Esquire, of the Somerset County Public Defender's Office entered her appearance on Appellant's behalf.  On December 6, 2023, however, "during a Call of the List appearance," Appellant "requested the [trial c]ourt to withdraw his public defender, [Attorney] Stanley," as counsel.  Trial Court Opinion, 1/29/25, at 1.  The trial court "advised [Appellant] of his right to counsel" but Appellant "indicated a desire to proceed *pro se*."  **Id**. at n.1.  Accordingly, that day, the trial court granted Appellant's request and ordered the withdrawal of Attorney Stanley and the Somerset County Public Defender's Office's appearance on Appellant's behalf.

The matter proceeded to a jury trial on March 4, 2024. Prior to trial, the trial court "canvassed [Appellant] pursuant to Pa.R.Crim.P. [] 121" regarding his decision to forgo his right to counsel and proceed *pro se*. **Id.** at 2; **see also** N.T. Hearing, 3/4/24, 1-10. The relevant exchange is as follows.

> [The court]: Now, [Appellant], when we first met, I asked a series of questions like this, but I want to go over them again just to make sure, one, I understand your answers; two that your answers are the same –
>
> All right?
>
> [Appellant]: Okay.
>
> [The court]: [S]o bear with me, okay?
>
> Now, it's my understanding that you have chosen to represent yourself in this case, is that correct?
>
> [Appellant]: I didn't choose to represent myself. I was given [the] option of taking a continuance or continuing alone.
>
> [The court]: Well, do you not want to represent yourself?
>
> [Appellant]: I mean, doesn't seem like I got much of a choice. I have already been [in jail] for eight months. I'm tired of sitting in there for crimes I didn't do.
>
> [The court]: Well, when you represent yourself, [] you are appearing *pro se*; meaning, that you are using your constitutional right to represent yourself. All right?
>
> So I just want to tell you something: Self-representation is often unwise, and a defendant may conduct a defense to his own detriment.
>
> Do you understand?
>
> [Appellant]: Yes.
>
> [The court]: Now, had you discussed this case with an attorney prior to your appearing in front of me the first time?
>
> [Appellant]: No.

- 2 -

[The court]: You have never talked to an attorney about this case?

[Appellant]: No, not even Tiffany Stanley when she was my Public Defender. She's worthless.

[The court]: Now, are you aware that a *pro se* defendant, as I classified you, [is] responsible for knowing and complying with the same procedural rules as attorneys and that you cannot expect help from me in complying with these procedural rules?

[Appellant]: Yes.

[The court]: What is your experience in [c]ourt before the last couple of times you were in front of me, two times? Do you have any other experience?

[Appellant]: No.

[The court]: Now, I know you have a little bit of experience in drafting documents because you drafted two documents for me. Did you ever draft any document other than the two that you present[ed] to me?

[Appellant]: No.

[The court]: So you have no experience at all in the criminal justice system?

[Appellant]: No.

[The court]: How old are you, sir?

[Appellant]: [36].

[The court]: Can you read, write, speak and understand the English language?

[Appellant]: Yes.

[The court]: What was the last year of school you completed?

[Appellant]: I have a G.E.D.

[The court]: How far had you gone in school before you quit?

[Appellant]: Tenth grade.

\*\*\*

[The court]: Are you aware that a *pro se* defendant is not permitted to complain on appeal about the competency of . . . his representation?

[Appellant]: Yeah.

[The court]: Now, are you aware that the Commonwealth is going to be represented by a professional counselor, who has the advantage of skill, training and ability?

[Appellant]: Yes.

[The court]: Are you aware that a *pro se* defendant is not entitled to any kind of special privilege such as library privileges or things like that?

[Appellant]: Yes.

[The court]: Are you aware that the effectiveness of your defense may be diminished by your dual role as an attorney and as the accused?

[Appellant]: Yes.

[The court]: Anybody threaten you or coerce you in any way to waive your rights to an attorney?

[Appellant]: Um, I feel coerced maybe. Like I said, I was given the option that I either accept the continuance or I [go] unrepresented.

[The court]: So was that why you are representing yourself because you didn't want a continuance at the time?

[Appellant]: Yes.

[The court]: Did the attorney explain to you the necessity for a continuance?

[Appellant]: No, she just said she wasn't prepared to take it to trial.

[The court]: Well, do you understand that for someone to represent another, an attorney represents a defendant, that they have to be prepared to do a good job?

[Appellant]: Yes.

[The court]: All right.

And do you want to give her a chance to do that?

[Appellant]: Not Tiffany Stanley, no. She doesn't even have a good reputation in the jail.

[The court]: Now, are you aware that you have a right to representation at no cost to you.

[Appellant]: Yes.

[The court]: Do you understand the elements of the crimes that are charged against you[ which are aggravated and simple assault?]

[Appellant]: Yes.

***

[The court]: Now, how do you know what the elements are?

[Appellant]: I mean, I just assume aggravated assault is with a weapon and simple assault is bare hand.

[The court]: Well, let me read them to you, and you tell me if you understand. All right?

[Appellant]: Okay.

[The court]: The defendant is charged with aggravated assault. To find the defendant guilty of this offense, you must find that each of the following elements have been proven beyond a reasonable doubt; first, that the defendant caused bodily injury to another. Bodily injury means impairment of a physical condition or substantial pain.

Second, that the defendant acted intentionally or knowingly. A person acts intentionally with respect to bodily injury when it is his conscious object or purpose to cause such an injury. A person acts knowingly with respect to bodily injury when he is aware that it is practically certain that his conduct will cause such a result.

And third, that the defendant caused such injury with a deadly weapon. A deadly weapon is any firearm, whether loaded or unloaded; or any device designed as a weapon and capable of producing death or serious bodily injury; or any other device or instrumentality that in the manner in which it is used or

intended to be used is calculated or likely to produce death or serious bodily injury.

So do you understand that?

[Appellant]: Yes.

[The court]: Now, that's graded as a felony of the second degree and the maximum penalty is up to [10] years' incarceration and/or a fine of up to $25,000[.00].

Understood?

[Appellant]: Yes.

[The court]: Now, the second [charge] against you is called simple assault, and this is what I would tell the jury: A defendant has been charged with simple assault. To find

the defendant guilty of this offense, you must find that all of the following elements have been proven beyond a reasonable doubt: First, that the defendant caused bodily injury to -- and I would name the victim. Bodily injury means impairment of physical condition or substantial pain.

Second, that the defendant caused such injury with a deadly weapon. A deadly weapon is any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality that is, in the manner in which it is used or intended to be used, [] calculated or likely to produce death or serious bodily injury.

And third, that the defendant's conduct in this regard was negligent. A person acts negligently with respect to the causation of bodily injury when he should be aware of a substantial and unjustifiable risk that such bodily injury will result in his conduct. The risk must be of such a nature and degree that the defendant's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, constitutes a gross deviation from the standard of care that a reasonable person would observe in the defendant's situation.

Now, that's graded as a misdemeanor of the second degree and that carries a maximum penalty of up to two years in jail and/or a fine of $ 5,000.[00].

Do you understand?

[Appellant]: Yes.

[The court]: Are you aware you have 30 days in which to file an appeal from an entry of judgment of conviction of guilt in the chance [] you [are] convicted?

[Appellant]: Yes.

[The court]: All right.

*See id.* at 1-9. Based upon the foregoing, the trial court determined that Appellant knowingly, intelligently, and voluntarily waived his right to counsel. *See id.* at 9-10. Appellant, therefore, represented himself during trial. Ultimately, the jury convicted Appellant of aggravated assault and simple assault.[1]

Appellant's sentencing occurred on May 9, 2024, wherein Timothy Burns, Esquire, entered his appearance on Appellant's behalf. The trial court "imposed the standard range [sentence] . . . of not less than 24 months nor more than 60 months' incarceration in a state institution [for Appellant's aggravated assault conviction] and determined that [Appellant's simple assault] conviction merged for sentencing purposes." Trial Court Opinion, 1/29/25, at 1. This timely appeal followed.

Appellant raises the following issue for our consideration.

[Whether] . . . the [t]rial [c]ourt erred in permitting [Appellant] to proceed *pro se* [during trial], as his waiver of counsel was not undertaken in a knowing and willing manner[?]

Appellant's Brief at 4.

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(4) and 2702(a)(2), respectively.

On appeal, Appellant argues that he did not validly waive his right to counsel. In Appellant's view, the record shows that his waiver of counsel was not done willingly because Appellant testified that he had "'no choice' but to proceed *pro se*." Appellant's Brief at 12; *see also id.* at 7 (contending that "Appellant's testimony before the [trial c]ourt show[ed] that he essentially felt coerced into giving up his right to counsel."). We disagree.

"Both the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section Nine of the Pennsylvania Constitution." *Commonwealth v. Johnson*, 158 A.3d 117, 121 (Pa. Super. 2017) (citation omitted). Our Supreme Court previously stated:

> [i]t is . . . firmly established that an accused has a constitutional right to counsel during trial. While an accused may waive his constitutional right, such a waiver must be the free and unconstrained choice of its maker, and also must be made knowingly and intelligently. To be a knowing and intelligent waiver defendant must be aware of both the right and of the risks of forfeiting that right.

*Commonwealth v. Tyler*, 360 A.2d 617, 620 (Pa. 1976) (citations and quotation marks omitted). Deprivation of these rights can never be harmless. *Johnson*, 158 A.3d at 121.

"A [trial court's] thorough inquiry into the accused's appreciation of both the right to counsel and the right to represent oneself must be used in certain summary proceedings, at trial, guilty plea hearings, sentencing, and every 'critical stage' of a criminal proceeding." *Id.* at 122 (citations, original

quotation marks, and original brackets omitted). "A critical stage in a criminal proceeding is characterized by an opportunity for the exercise of judicial discretion or when certain legal rights may be lost if not exercised at that stage." *Id.* (citation omitted). It is well-established that "when a defendant seeks to waive the right to counsel, the trial court is required to conduct, on the record, a full and complete waiver colloquy to determine whether the defendant's waiver is knowing, voluntary, and intelligent." *Commonwealth v. Brazil*, 701 A.2d 216, 219 (Pa. 1997).

Pennsylvania Rule of Criminal Procedure 121 sets forth the minimum requirements for a valid waiver-of-counsel colloquy as follows:

### Rule 121. Waiver of Counsel

**(A) Generally.**

(1) The defendant may waive the right to be represented by counsel.

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the [trial court] or issuing authority, at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the

normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

(3) The [trial court] or issuing authority may permit the attorney for the Commonwealth or defendant's attorney to conduct the examination of the defendant pursuant to paragraph (A)(2). The [trial court] or issuing authority shall be present during this examination.

Pa.R.Crim.P. 121(A)(1-3). "A [trial] court's failure to conduct a valid colloquy before allowing a defendant to proceed *pro se* constitutes reversible error."

***Commonwealth v. Floyd***, 257 A.3d 13, 18 (Pa. Super. 2020).

The trial court herein conducted a detailed and thorough colloquy of Appellant regarding his decision to forgo his right to counsel and proceed at trial *pro se*. Appellant admits as such in his appellate brief. **See** Appellant's Brief at 12 ("Appellant acknowledges [that] the [t]rial [c]ourt conducted an extensive colloquy on his waiver[-]of[-]counsel."). The trial court advised Appellant of his right to appointed counsel. **See** N.T. Hearing, 3/4/24, at 6. In addition, the trial court advised Appellant of the potential risks in proceeding *pro se*, including the fact that Appellant would be bound by all procedural rules and that Appellant had many rights during and after trial that, if not asserted, could be lost indefinitely. **Id.** at 3-5. Finally, the trial court

advised Appellant of the nature of the charges against him, as well as the permissible ranges of sentences. *Id.* at 7-9. Hence, the trial court executed an extensive colloquy in compliance with Rule 121.[2]

In recognition of this fact, Appellant attempts to cast doubt upon his waiver-of-counsel by pointing to certain statements Appellant made which, in his view, demonstrate that he did not willingly waive his right to counsel. *See id.* at 2 (Appellant stating: "I didn't choose to represent myself. I was given an option of taking a continuance or continuing alone."); *see also id.* at 5-6 (Appellant stating: "I feel coerced maybe. Like I said, I was given the option that I either accept the continuance or I [go] unrepresented.").

We reject Appellant's claim. The statements highlighted by Appellant do not establish a constrained choice nor do they demonstrate that Appellant was unwilling to relinquish his right to counsel. Instead, the statements explain the reason Appellant wished to represent himself: Appellant disagreed with Attorney Stanley's request to continue the case while he was incarcerated. He wanted to proceed to trial promptly. The trial court recognized this fact during the March 4, 2024 hearing. Accordingly, the trial court explained to Appellant Attorney Stanley's responsibility as his attorney,

---

[2] In his appellate brief, Appellant cites to *Commonwealth v. Forrester-Westad*, 282 A.3d 811 (Pa. Super. 2022) to support his claim for relief. *See* Appellant's Brief at 7-8. In *Forrester-Westad*, however, the trial court completely failed to conduct a waiver-of-counsel colloquy before allowing the appellant to enter a guilty plea. *Forrester-Westad*, 282 A.3d at 819. As we have explained, the trial court herein addressed each of the requirements set forth in Rule 121. Hence, Appellant's reliance on *Forrester-Westad* is misplaced as it is easily distinguishable from the instant matter.

the likely basis for seeking a trial continuance, and specifically asked whether Appellant would accept a continuance and proceed to trial at another time with Attorney Stanley's assistance. *See id.* at 6. Appellant, on his own volition, declined the trial court's invitation and decided to proceed to trial immediately without counsel. *Id.* By allowing Appellant to do so, the trial court astutely recognized that Appellant knowingly, intelligently, and freely chose to waive his right to counsel and proceed to trial *pro se*.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

FILED: <u>12/29/2025</u>